Donald R. HOLLOWAY, on behalf of himself and all others similarly situated, Plaintiff and Appellee,

v.

BLUE CROSS OF NORTH DAKOTA, Defendant and Appellant.

Civ. No. 9756.

Supreme Court of North Dakota.

June 26, 1980.

Wheeler, Wolf, Wefald, Peterson & McDonald, and Fraase & Evans, Bismarck, for plaintiff and appellee; no appearance.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendant and appellant; argued by Stephen W. Plambeck, Fargo.

SAND, Justice.

Blue Cross of North Dakota [Blue Cross] appealed from an order of the Burleigh County district court which allowed Donald R. Holloway, on behalf of himself and all others similarly situated, to proceed with this lawsuit as a class action and directed Blue Cross to answer certain interrogatories submitted to it by Holloway. The interrogatories sought the name and address of state employees, retired or otherwise, who received treatment for alcoholism within a certain period of time.

In September of 1973, the State of North Dakota and Blue Cross entered into a 28-month contract which provided a group medical care reimbursement plan for state employees. This contract was in effect until 31 Dec. 1975, after which a new agreement between the parties became effective. During the time in which this contract between the State of North Dakota and Blue Cross was in effect, Holloway was eligible for insurance benefits under the contract because he was then a retired state employee and the insurance contract was entered into pursuant to the provisions of § 54–52–02, North Dakota Century Code.

To provide state employees with an explanation of the benefits provided under the 28-month contract, a "North Dakota State Employee Guide" was issued in September of 1973, June of 1974, and July of 1975.

The September 1973, "North Dakota State Employee Guide" provided in relevant portion as follows:

"Benefits shall be provided by the Blue Cross Plan for services rendered by alcoholic treatment centers which have a formal agreement with Blue Cross of North Dakota. Payment to these institutions will be on the basis of an indemnity amount that has been established in the agreement between Blue Cross of North Dakota and the institution.

"In the event of admission to an alcoholic treatment center the Member shall be entitled to no more than 70 days of coverage for each confinement and for the purpose of computing days of care, successive confinements shall be deemed to be continuous and uninterrupted if readmission to an alcoholic treatment center shall occur within 180 days after the date of discharge from any alcoholic treatment center."

The June 1974 "North Dakota State Employee Guide" also contained the above-quoted language, but added another paragraph, as follows:

"Payment for such benefits will be made to the member at a rate not to exceed $40 per day for the first five days of such treatment, and not to exceed $30 per day for an additional 65 days; however, in no case shall payments exceed charges for such services."

Between 18 Oct 1975 and 8 Dec 1975, Holloway was a patient for treatment of alcoholism at the Heartview Foundation, a center for treatment of alcoholics, in Mandan, North Dakota. Throughout that period of time, the Heartview Foundation had a formal agreement with Blue Cross for alcohol treatment as required by the contract between the insurer and the State, and therefore Holloway was eligible for benefits under the insurance contract.

Following his release from Heartview, Holloway applied to Blue Cross for benefits for services rendered him for treatment of alcoholism at Heartview. The total amount sought by Holloway was $1,956.85. Blue Cross paid Holloway $1,530.00 on the claim, but refused to indemnify Holloway for the total expenses of treatment. The difference between the amount paid and total indemnity was $551.85.

On 7 Feb 1977 Holloway initiated this lawsuit against Blue Cross for the total indemnity balance. The complaint alleged that Blue Cross breached a contractual agreement to indemnify Holloway for treatment of alcoholism and further alleged that the explanatory paragraph which was added to the June 1974 "North Dakota State Employee Guide" quoted previously herein, was inconsistent with the prior paragraphs and therefore the refusal of total indemnity was an "arbitrary, capricious, discriminating, unlawful and unreasonable breach" of Blue Cross' contract with Holloway.

Holloway, on 7 Feb 1977, also petitioned the district court for an order allowing this action to be maintained as a class action, alleging, among other things, that Blue Cross denied and disallowed numerous other similar claims by state employees. Blue Cross opposed Holloway's application for an order to allow this action to be maintained as a class action and a hearing was held on the issue on 28 Mar 1977. The district court continued the hearing to a later date because no showing had been made as to the number of persons who would constitute the class.

Thereafter, Holloway submitted interrogatories to Blue Cross. The answers to the interrogatories showed that there were 1,749 claims for treatment for alcoholism at eligible facilities in North Dakota between 1 Jan 1974 and 1 Jan 1977. The answers also disclosed that approximately 10% of these claims were state employees or retired state employees. On this basis, Blue Cross estimated that 175 of all the alcoholism treatment claims between those dates were made by persons covered by the contract which Holloway alleged was breached by Blue Cross. Blue Cross refused to produce the names, addresses, and dates, as well as the exact number of state employees who had sought benefits under the contract in question because the cost to Blue

Cross of producing such information was estimated to be between $2,230 and $2,966. Blue Cross also objected to disclosing the names, because that information was confidential and disclosure would violate the spirit, if not the letter, of the North Dakota physician and psychotherapist-patient privilege. Rule 503, North Dakota Rules of Evidence, which superseded § 31–01–06(3), North Dakota Century Code.

On 9 Jan 1980, Holloway petitioned the district court to compel Blue Cross to answer his interrogatories. Holloway further moved the court, in the alternative and in the event that the motion to compel answers or the motion to proceed as a class action were denied, for permission to proceed individually against Blue Cross. Blue Cross did not respond to the filing of these motions, nor did it appear in opposition to them at the hearing on the merits of the motions on 21 Jan 1980.

On 24 Jan 1980, the district court ruled that Blue Cross had no standing to assert the physician-patient privilege and that even if it had standing, the interrogatories did not ask for the disclosure of information regarding diagnosis or treatment, but only sought the identification of the patients. The court also overruled Blue Cross' objection to disclosing the exact number of potential plaintiffs because the statement of costs submitted to the court was a mere estimate by counsel without verification and that costs of production could not serve as the basis for objection at this stage. On the same day the court ordered Blue Cross to answer the interrogatories and on Blue Cross' estimate that there would be approximately 175 claims of a similar nature to Holloway's, the court also ordered that "the plaintiff be allowed to proceed as a class action subject to the disclosure of the names and addresses of the members of said class by the defendant." Blue Cross appealed the district court's order to this Court.

■ Section 28–27–02, NDCC, details precisely what orders are reviewable by the North Dakota Supreme Court, and only those orders delineated in the statute constitute appealable orders. Therefore, for this case to be properly before us at this stage of the lawsuit, it must come within the purview of the statute. This is so even though Rule 23(d)(3), North Dakota Rules of Civil Procedure, provides that an order certifying or refusing to certify an action as a class action is appealable.

Section 28–27–02(1), NDCC, provides as follows:

"The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;"

In *Rogelstad v. Farmers Union Grain Terminal Association*, 224 N.W.2d 544 (N.D. 1974), we held that a trial court's denial of class action status was appealable under § 28–27–02(1), NDCC, because the reversal of such order upon a final judgment on the merits would be unfair to the parties involved. Of prime importance in *Rogelstad* was that we considered the trial court's order on the issue of the class action status, which was a collateral issue in the lawsuit, to be the Court's final word on that question even though the then existing rule of civil procedure dealing with class actions provided that class action determinations could be altered or amended before a decision on the merits. In *Rogelstad*, as in the instant case, the party seeking the class action moved the trial court for an appropriate order on which a hearing was held before the decision on the motion. We concluded that the decision of the court was a final order for purposes of appeal. 224 N.W.2d at 548. In *Rogelstad* we reasoned that if appellate review of the class action determination was denied until after final judgment on the merits, the rights of class members would be irreparably lost if the appellate court ultimately reversed the denial of class action status. 224 N.W.2d at 548.

The principles of law discussed in *Rogelstad* are also persuasive in the present case

and control our determination of the appealability of the trial court's order permitting Holloway to proceed with class action status. The district court heard arguments relating to the application for class action status on 28 Mar 1977 and again on 21 Jan 1980. Thereafter, and based upon Blue Cross answers to interrogatories by Holloway, the court granted the motion for class action status. Although present Rule 23(e), N.D.R.Civ.P. permits amendments of this order before entry of a judgment on the merits of the case, we consider the trial court's order on the issue of class status final for purposes of this appeal.

Section 28-27-02(1), NDCC, allows appellate review when a trial court order, in effect, determines the action and prevents a judgment from which an appeal might be taken. We interpret this to mean a judgment from which a meaningful appeal might be taken. *Rogelstad, supra.* Here, if an appellate review of the class action ruling must await a final judgment, and if that ruling is eventually reversed on appeal, both Blue Cross and Holloway will have unnecessarily spent great amounts of effort and money in notifying members of the class, in determining who was in and who had opted out, and in calculating damages. Furthermore, whether or not the case proceeds as a class action is fundamental to the further conduct and decision making in this case. For instance, settlement may or may not be more advantageous to Blue Cross in an individual suit by Holloway upon a reversal of the class action ruling, then in a class suit by 175 potential plaintiffs. We conclude that Blue Cross would not be afforded a meaningful appeal on this issue if review was postponed until after the parties had spent much time and money in managing the class action. Accordingly, the district court's order which granted Holloway's motion to maintain this case as a class action is appealable at this time. We now proceed to the merits of the appeal.

Present Rule 23, N.D.R.Civ.P., the Uniform Class Actions Rule, became effective on 15 Feb 1977. This action was commenced on 11 Feb 1977. The effective date of the rule was after the initial application to proceed as a class action was filed by Holloway, and although the question has not been raised by the parties, we think it appropriate to discuss the applicability of the present rule. The North Dakota Rules of Civil Procedure became effective on 1 July 1957 and, pursuant to Rule 86, governed all further proceedings in actions then pending unless the presiding court believed their application would not be feasible or would work an injustice. This practice should be maintained as the existing rules are amended or new rules are added because it establishes a uniform pattern which civil actions can follow but still permits the court to apply prior rules in pending cases where fairness and justice so warrant. It is our opinion that the Uniform Class Actions Rule, which became effective approximately one week after the start of the lawsuit, adequately protects the interests of all the parties and applies to this case.

The Uniform Class Actions Rule permits the commencement of a class action where there is a common question of law or fact to a class of persons so numerous that joinder of all members is impracticable. Rule 23(a), N.D.R.Civ.P. A class action should be permitted if it provides a fair and efficient adjudication of the controversy, provided further that the representative parties will fairly and adequately protect the interests of the class. Rule 23(b), N.D.R.Civ.P.

The criteria to be considered by the court in certifying or denying class action status are listed in Rule 23(c). The order certifying or refusing to certify a class action must state the reasons for the court's ruling and its findings on the various criteria. Rule 23(d)(2), N.D.R.Civ.P. The order of certification must also describe the class and state the relief sought and whether or not sub classes were created and whether or not any particular claims or issues are included. Rule 23(d)(1), N.D.R.Civ.P.

Following certification, Rule 23(g), directs the certifying court to order notification of class members, and such order must

include the manner and form of notification taking into consideration the interests of the class, the relief requested, the costs of notification, and the possible prejudice to class members who do not receive notice. Also, in absence of a counterclaim by defendant, the plaintiff must advance the expense of notice to class members. Rule 23(g)(6), N.D.R.Civ.P.

Rule 23, N.D.R.Civ.P., is adapted from the Uniform Class Actions Rule developed by the National Conference of Commissioners on Uniform State Laws. The comments under "Notice of Action", which would correspond to Rule 23(g), N.D.R.Civ.P., provide as follows:

"Personal mailed notice to all members of the class is not required by this Act. For consideration of the notice required by the U.S. Constitution, see *Gant v. City of Lincoln* [193 Neb. 108] 225 N.W.2d 549 (Neb.1974), and *Cartt v. Superior Court in and for County of Los Angeles*, 50 Cal. App.3d 960, 124 Cal.Rptr. 376 (Ct.App. 1975).

"The notice to be given may vary as to the persons to be notified and the form of notice and, to some extent, the content. Subsection (c) indicates that the court must consider a number of factors in deciding what type of notice to give."

The North Dakota comments parallel those of the Commissioners on Uniform Laws. These comments were made after taking into consideration the Supreme Court ruling in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), in which the Supreme Court interpreted the then Rule 23(b)(3) and (c)(2) to require personal notice of the action to all identifiable class members with service costs to be borne by the plaintiffs.

In this case, the relevant portion of the district court's order allowing Holloway to proceed as a class action provided as follows:

" . . . [Holloway] having served interrogatories on [Blue Cross] on the 28th day of July, 1977, and [Blue Cross] having answered interrogatory # 1 to the effect that [Blue Cross'] best estimate would establish 175 claims of a similar nature to the claim presented by [Holloway] in this action, the Court thereby finds a sufficient number of persons as members of said class and hereby,

"ORDERS that [Holloway] be allowed to proceed as a class action subject to the disclosure of the names and addresses of the members of said class by [Blue Cross]."

Blue Cross contended on appeal that the district court's order certifying Holloway's action as a class action should be vacated because of the court's failure to specify, as required by Rule 23, the reasons for its certification, its findings on each of the criteria listed in Rule 23(c)(1), and the relief sought by Holloway in this case. Further, Blue Cross argued that the district court erred in directing Blue Cross to disclose the names and addresses of the members of the proposed class without making any provision for Holloway to reimburse Blue Cross for the cost of identifying the members of the class as provided by the expense of notice provision in Rule 23(g)(6).

 We conclude that the facts of this case warrant the maintenance of a class action. The estimated number of class members is sufficiently large to make joinder of all the class members impracticable, and the pivotal issue in this case is whether or not Blue Cross breached a contract under which all the class members were eligible for insurance benefits. However, we agree with Blue Cross that the district court did not satisfy the requirements of Rule 23, N.D.R.Civ.P., regarding the proper contents of the order certifying the class action. We do not doubt that the district court carefully weighed each of the criteria listed in Rule 23(c), nor do we suggest that each of those considerations must be satisfied or discussed in great detail in a certification order. However, in order that all the parties to the class action know exactly what claims or issues have been given a class-status certification and in order that all parties of interest may know who comprise the authorized class and why the action was given class status, the certifying court must

manifest more in its order than a general statement that there exists a sufficient number of people with claims similar to the plaintiff's to warrant a class action.

Of critical importance in this case is the notification requirement set out in Rule 23(g), N.D.R.Civ.P. Because of the very sensitive nature of the alcoholism treatment involved in this case and the real or imagined negative social badges attached to it, identity and confidentiality are of paramount importance to the individual eligible class members who prefer to keep their treatment out of the public record even at the cost of permanently relinquishing any claim against Blue Cross.

While state law does not specifically prohibit Blue Cross from disclosing the names of its subscribers who received treatment for alcoholism, the spirit of the law as evidenced by § 23–17.1–06, NDCC, imposing confidentiality upon addiction hospitals, and Rule 503 of the North Dakota Rules of Evidence which superseded § 31–01–06(3), NDCC, establishing confidentiality between physicians and patients, clearly implies that such information is to be treated as confidential out of respect for the individual. The laws and rule of evidence would be of little value if the information can be obtained by other means. Even in instances where an individual wished to object to disclosure, such action would in effect amount to a disclosure. A disclosure by Blue Cross of the names and addresses of eligible class members as required by the district court's order in this case would not adequately protect the anonymity of those persons not wanting to participate in this case because their names would be disclosed to Holloway and probably to others. We are not insinuating that Holloway would take any detrimental action against the eligible class members or that his motives in this class suit are in anything but the utmost good faith. Still, we firmly believe that under the circumstances of the type of treatment involved here, the decision to reveal one's identity and become a party plaintiff to this class action must rest solely with the individual eligible class member.

The wishes of the individual should be respected.

We therefore remand this case to the district court with directions that under its supervision a system of notice be devised which will guard with maximum security the anonymity of any subscriber to Blue Cross who would be an eligible class member but does not want to be a party to this lawsuit.

One possible manner of class member notification which might be considered in shielding anonymity is to require Holloway to place notices of the action in the major daily newspapers or other communication media in the state for a period of time deemed adequate by the district court. Such notices must be in a form approved by the district court and should provide a general description of the authorized action and the relief sought and state the requirements for class eligibility. The notice must also provide that if a party does not wish to be included in the lawsuit but prefers to proceed separately, such party must notify the clerk of the district court before a specified date or be included in the class. After the date for class exclusion passes, Blue Cross will be entitled to the names of those persons not included in the class action. Upon completion of the lawsuit and in the event of a favorable judgment for Holloway and the class, each class member will be required to file an individual claim against Blue Cross, the specifications of which can be formulated and processed by Holloway.

Although this procedure appears to compel identity of those who want to be excluded from the class action, the practical application of the notice and procedure will permit those persons who wish to remain anonymous to remain so by simply not coming forth in the case even at the final stage where individual claims would be submitted if the class action is successful. Those persons not coming forth would be found by the final disposition of the action and in the event the action is successful the individuals wishing to remain anonymous could still remain so by declining to file a claim. As we have stated earlier, the decision of the

choice to remain anonymous is up to the individual. The benefits of this procedure are that the wishes of those who wish to remain anonymous will be respected. At the same time, adequate notice would be given so that individuals can make a deliberate judgment to remain anonymous or not. In following this procedure Blue Cross will not be required to break "faith" with its subscribers.

The objection by Blue Cross to furnish the names and addresses of the concerned state employees, retired or otherwise, who received treatment for alcoholism is sustained because of the confidentiality of the matter involved. However, we are not basing this decision on the costs involved. Any action appealed to us in the future where confidentiality is not involved we will consider the cost issue anew.

This case is remanded to the district court for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and PEDERSON, PAULSON and VANDE WALLE, JJ., concur.