Connie MARTIN, Appellee,

v.

AMANA REFRIGERATION, INC., Appellant.

No. 87–851.

Supreme Court of Iowa.

Jan. 25, 1989.

Richard G. Hileman, Stephen J. Holtman, and James M. Peters of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Michael M. Sellers of Dreher, Wilson, Simpson, Jensen, Sellers, Adams & Kaiser, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and NEUMAN, JJ.

SCHULTZ, Justice.

Plaintiff Connie Martin purchased a combination gas furnace and water heater manufactured by Amana Refrigeration, Inc. (Amana). Plaintiff has filed suit against Amana, alleging breach of implied warranty in the design and construction of the furnace and water heater.[1] She asserts that the water heater as a whole is defective and that the furnace has inherent flaws, allowing flames to escape. Among her damages is the claim that defendant should provide for the removal of the entire system from her home.

Plaintiff also requested her suit be certified as a class action on behalf of a plaintiff class of "residential home owners in the Des Moines, Polk County, central Iowa metropolitan area" who are "purchaser-owners" of the same model, design and type of furnace or furnace and water heater combination. Martin alleges that the defects of the furnace and water heater include an inadequate heating response to water with a high mineral content, such as that found in the Des Moines area.

Defendant filed a resistance to the class certification application, supported by an affidavit from its vice-president of customer services. This affidavit pointed out that Amana has warranty and extended service programs covering these products. The affiant is not aware of any extended class of customers in the Des Moines area who presently have unresolved complaints that have not or cannot be most appropriately resolved through the company's warranty and extended service programs.

At the certification hearing, plaintiff presented testimony from the general manager of a former distributor of Amana products in the Des Moines area. He attested that the distributor sold 164 Amana furnaces, of which 99 were combination furnace and water heaters similar to plaintiff's. He described the problems caused by both units, noting that about fifty water heaters had mineral build-up problems which impair the speed with which it heats

---

1. We have generally described the plaintiff's petition. Under our rule of "notice pleading," Iowa Rule of Civil Procedure 69, plaintiff may be seeking relief in addition to, or different from, the remedy of implied warranty.

water. He further indicated that when their distributorship terminated, they inspected all of the furnaces sold, finding twenty-seven or twenty-eight of the units had cracked heat-transfer modules. He also stated that Amana had not refused to give satisfaction to his customers' complaints.

After the hearing, the district court certified this suit as a class action. The court defined the plaintiff's class as "all persons who have purchased an Amana Energy Command gas furnace from Clark–Peterson Company (the former distributor)" and created a sub-class of "all persons who have purchased an Amana Energy Command gas furnace with the optional water heater combination."

Defendant filed a notice of appeal from the district court order. Plaintiff asserts that the district court order was not a final judgment, thereby entitling defendant only to request an interlocutory appeal. Defendant claims there is an appeal as a matter of right from a certification order and that the district court abused its discretion by certifying a class action.

■ I. *Appeal as a matter of right.* Plaintiff urges that this appeal should be dismissed because there is no final judgment and Amana failed to obtain permission to take an interlocutory appeal. Amana responds that there is an appeal as a matter of right from a certification order.

These contentions bring into play two of our Rules of Civil Procedure. Iowa Rule of Civil Procedure 42.4(c) provides: "An order certifying or refusing to certify an action as a class is appealable." Iowa Rule of Appellate Procedure 1, in pertinent part, provides that "no interlocutory ruling or decision may be appealed except as provided in Rule 2, Rules of Appellate Procedure (applications for interlocutory appeal), until after the final judgment or order."

Amana claims that the plain language of rule 42.4(c) makes the class certification order appealable as a matter of right. However, plaintiff maintains that rule 1 generally prohibits interlocutory appeals except in the situations specified.

Although we have not directly ruled on this issue, we did previously note that "Rule 42.4(c) appears to give an unqualified right to appeal from an order certifying or refusing to certify an action as a class action." *Ackerman v. International Business Mach. Corp.*, 337 N.W.2d 486, 489 (Iowa 1983). Similarly, in *Vignaroli v. Blue Cross of Iowa*, 360 N.W.2d 741, 743 (Iowa 1985), we stated, "[a]ppeal of certification order, although interlocutory, is authorized by rule 42.4(c)." While this issue was not squarely before us in *Ackerman* or *Vignaroli*, we clearly indicated there was an appeal as a matter of right from a class certification ruling. We see no reason to depart from this position.

The special language in rule 42.4(c), directing that a certification ruling "is appealable," shows an intent to allow an exception to Appellate Rules 1 and 2. Were this phrase not to provide an appeal of right separate from the typical appeal process, the words would be meaningless and thereby violative of the well-established rule of statutory construction that the legislature does not engage in meaningless acts. *Slockett v. Iowa Valley Community School Dist.*, 359 N.W.2d 446, 448 (Iowa 1984); Iowa Code § 4.4(2).

Our interpretation also furthers the purposes of the class action procedure. Among the reasons for the act is to provide small claimants an economically viable vehicle for redress in court. *Ackerman*, 337 N.W.2d at 488. Class actions are also favored as achieving judicial economy while preserving, as much as possible, the rights of litigants. *Vignaroli*, 360 N.W.2d at 744. It would be financially burdensome for the plaintiff and a waste of judicial resources to allow a class action to proceed without a review of the parties and then, at the end of the litigation, find that the certification ruling was in error.

Additionally, the certification application is a special procedural mechanism to determine whether other parties' causes of action may be asserted in the lawsuit. The certification ruling generally will have little relationship to the merits of the lawsuit. *See* T. Dickerson, *Class Actions: The Law*

*of 50 States* § 6.08 (1988). Logically, it would make better sense to allow an immediate appeal of this ruling, which affects the number of parties involved, rather than the merits of the lawsuit.

Finally, plaintiff notes that the North Dakota supreme court's interpretation of the uniform class action act held that its rule, which is similar to our rule 42.4(c), did not require an immediate appeal from a certification ruling. *Holloway v. Blue Cross*, 294 N.W.2d 902 (N.D.1980). Instead, *Holloway* found the ruling was subject to its interlocutory appeal procedures. *Id.* at 905. However, the court did allow an interlocutory appeal because the class certification ruling "in effect, determines the action" and prevents a judgment from which a meaningful appeal might be taken. *Id.* at 906. *Holloway* noted the potential waste of time and money involved in notifying members, determining class numbers, calculating damages and the effect on possible settlements as factors favoring immediate review. *Id.* at 905.

Other jurisdictions have allowed appeals as a matter of right from the class certification ruling. *Ford Motor Credit Co. v. Nesheim*, 285 Ark. 253, 686 S.W.2d 777 (1985); *Amato v. General Motors Corp.*, 67 Ohio St.2d 253, 423 N.E.2d 452 (1981); *Mitchem v. Melton*, 167 W.Va. 21, 277 S.E. 2d 895 (W.Va.1981). Although *Holloway* arrives at the same outcome, allowing an immediate appeal, we find the better-reasoned rule to be allowing a prompt appeal as a matter of right.

Having determined that a class certification order is appealable as a matter of right, this appeal is properly before our court, allowing us to address the merits of the case.

II. *The order certifying the action.* Amana claims that the trial court abused its discretion in certifying this class action. It asserts that plaintiff failed to meet her burden of proof that (1) a certifiable class exists, (2) the supposed class is so numerous as to render joinder impracticable, (3) there exists a question of fact or law common to the members of the supposed class, (4) a class action will foster the fair and efficient adjudication of the controversy, and (5) that she can fairly and adequately protect the interests of the supposed class.

■ Our review of the trial court's ruling is limited; we will reverse only if the decision constitutes an abuse of discretion. *Vignaroli*, 360 N.W.2d at 743. In the trial court, the burden is on the plaintiff to establish that a purported plaintiff class meets the prerequisites of Iowa Rule of Civil Procedure 42. *Id.* at 744. The trial court is vested with considerable discretion in assessing what weight, if any, is to be afforded class certification criteria. *Id.* This court will not find an abuse of discretion unless it is shown that discretion was exercised on grounds clearly untenable or, to an extent, clearly unreasonable. *Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 583 (Iowa 1984).

■ A. *Existence of a certifiable class.* Amana asserts that plaintiff has failed to establish that a class exists as a general matter. It urges that every class member must have suffered an actual injury to have a presently-existing, justiciable claim against the defendant. It urges that plaintiff's own evidence establishes that a majority of the class members have suffered no injuries from mineral build-up in their water heaters or cracks in their furnaces' heat-transfer modules. Thus, it argues that a majority of the members of the certified class have no legally cognizable claim, thereby entitling Amana to an immediate summary judgment against at least one-half of the class members.

Amana's focus is misplaced for a class certification proceeding. The appropriate inquiry is not the strength of each class member's personal claim, but rather, whether they, as a class, have common complaints. *Vignaroli*, 360 N.W.2d at 744. In a certification hearing, the court does not "conduct a preliminary inquiry into the merits of a suit." *Id.* at 745 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732, 748 (1974)). *See generally* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* para. 23.50, at 23–399 (2d ed. 1987) [hereinafter *Moore's*]. Obviously, that is not to

say that the court may not require sufficient information to form a reasonable judgment in deciding whether to certify a class action. *Iowa Annual Conference of the United Methodist Church v. Bringle*, 409 N.W.2d 471, 474 (Iowa 1987). But the trial court's focus is directed at whether "class members have common complaints that can be presented by designated representatives in the unified proceeding." *Vignaroli*, 360 N.W.2d at 744; *see also* 3B *Moore's* para. 23.06–1.

Here, plaintiff alleges, among other theories, a breach of warranty claim. She urges that all of the furnaces and water heaters sold to class members have inherent design and construction defects and that Amana has failed to recall or replace the defective units. Additionally, plaintiff claims that each of the parties seeks common remedies from Amana.

We have previously allowed class certification on a breach of warranty claim for defective seed brought by purchasers. *Lucas v. Pioneer, Inc.*, 256 N.W.2d 167 (Iowa 1977). Other jurisdictions have also supported class certification of actions against manufacturers based on breach of warranty claims. *Amato*, 67 Ohio St. 2d 253, 423 N.E.2d 452 (certification of automobile purchaser class against manufacturer in suit alleging, in part, breach of express and implied warranty); *Newman v. Tualatin Dev. Co.*, 287 Or. 47, 597 P.2d 800 (1979) (order certifying class of townhouse owners against builders approved when allegations partially based on breach of implied warranty after builder installed defective galvanized water pipes in homes); *In re the Cadillac V8–6–4 Class Action*, 93 N.J. 412, 461 A.2d 736 (1983) (certification of a class action approved on behalf of statewide purchasers of automobile when the complaint against manufacturer was placing an inherently dangerous engine into the stream of commerce based, in part, on legal theory of breach of express and implied warranty). The basic question is whether the potential class, including absent members, seeks to remedy a common legal grievance. *In re Cadillac*, 93 N.J. at 431, 461 A.2d at 745. We hold that the trial court did not abuse its discretion in certifying the class. This case appears to present numerous questions of fact, law and liability common to the class members.

Were we to consider Amana's assertions that all of the parties do not have legal claims, the trial court would be required to inquire into the merits of the individual lawsuits. Appropriately, the trial court's certification ruling does not address the merits of any class member's cause of action.

■ B. *Impracticability of Joinder.* Amana also maintains that plaintiff failed to sustain her burden to establish that the class is so numerous that joinder is impracticable. Defendant reiterates that the court should weed out the class members whose heat modules haven't cracked and whose water heaters do not have mineral build-up before testing for practicability of joinder.

There is no merit in Amana's request to examine the individual claims before making a decision on practicability of joinder. As we discussed in subdivision A, the certification hearing is an inappropriate time in the proceedings to inquire into the merits of individual cases, which is essentially what Amana asks the court to do. So long as the trial court had sufficient information to form a reasonable judgment in the certification issue, its inquiry was properly at an end.

Our rules require the class to be "so numerous or so constituted" that joinder of all members is "impracticable." Iowa R.Civ.P. 42.1(1). The general rule of numbers is that if the class is large, then the numbers alone should be dispositive. 1 H. Newberg, *Newberg on Class Actions* 142 (2d ed. 1985). Forty or more has been recognized as the range where numbers alone should suffice to show impracticability of joinder. *Id.* at 141–42; 3B *Moore's* para. 23.05[1], at 23–143 to 23–145. The class and sub-class certified were composed of 164 and 99 members, respectively. Therefore, based on the numbers alone, the trial court's finding that joinder was impracticable was tenable.

C. *The fair and efficient adjudication of the controversy.* When the numerosity issue and the requirement of common questions of law or fact are met, the court must then examine the thirteen criteria listed in Iowa Rule of Civil Procedure 42.3 to determine if a class action should be permitted for the fair and efficient adjudication of the controversy. The trial court is to determine the appropriate weight to be given to each of these criteria:

1) whether a joint or common interest exists among members of the class;

2) whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for a party opposing the class;

3) whether adjudications with respect to individual members of the class as a practical matter would be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

4) whether a party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole;

5) whether common questions of law or fact predominate over any questions affecting only individual members;

6) whether other means of adjudicating the claims and defenses are impracticable or inefficient;

7) whether a class action offers the most appropriate means of adjudicating the claims and defenses;

8) whether members not representative parties have a substantial interest in individually controlling the prosecution or defense of separate actions;

9) whether the class action involves a claim that is or has been the subject of a class action, a government action, or other proceeding;

10) whether it is desirable to bring the class action in another forum;

11) whether management of the class action poses unusual difficulties;

12) whether any conflict of laws issues involved pose unusual difficulties; and

13) whether the claims of individual class members are insufficient in the amounts or interests involved, in view of the complexities of the issues and the expenses of the litigation, to afford significant relief to the members of the class.

Our examination of the trial court's ruling indicates that the court carefully considered all of the factors and then made a finding that a class action provided the best means for a fair and efficient adjudication of the controversy. Whether or not we agree with the decision arrived at by the trial court is not the issue. The issue is one of abuse of discretion. We find no such abuse.

D. *Protection of the interests of the class.* Amana contends that plaintiff cannot fairly and adequately represent the heat-module class, when her unit is still intact. It further claims that she does not have adequate financial resources to safeguard the class' interests.

Rule 42.2(b)(3) requires that "the representative parties fairly and adequately ... protect the interests of the class." In making this determination, Rule 42.3(b) provides that the court must find that:

(1) the attorney for the representative parties will adequately represent the interests of the class; (2) the representative parties do not have a conflict of interest in the maintenance of the class action; and (3) the representative parties have or can acquire adequate financial resources, considering R.C.P. 42.17, to assure that the interests of the class will not be harmed.

The fact that plaintiff's heat-module unit is still intact does not prevent plaintiff from adequately representing the class. Her contention is that all of the heat modules were defectively designed and manufactured, that this unit is inherently dangerous, and that the possibility of cracks

developing is imminent. She maintains that all of the class members have the same inherently defective heat modules.

The district court concluded that plaintiff is making a claim similar to those asserted by the rest of the class members, thereby having a common interest with the remaining class members. Based on her common interest with the other class members, the court found that plaintiff would fairly and adequately represent the class. Additionally, after examining plaintiff's financial resources, the court also determined that the interests of the class members would not be harmed by allowing her to represent the class. We find no abuse of discretion in these findings.

In summary, after considering all of the claims advanced, we hold that Iowa Rule of Civil Procedure 42.4(c) provides for an immediate appeal as a matter of right and that the trial court did not abuse its discretion in certifying this case as a class action.

AFFIRMED.