698

FOLDING CARTONS, INC., an Illinois Corporation, on behalf of itself and a class of others similarly situated, Plaintiff,

v.

AMERICAN CAN COMPANY, Consolidated Packaging Corporation, Federal Paper Board Company, Inc., Packaging Corporation of America, Potlatch Corporation, Alton Box Board Company, Brown Company, Champion International Corporation, Container Corporation of America, Diamond International Corporation, Eastex Packaging, Inc., Fibreboard Corporation, Hoerner Waldorf Corporation, International Paper Company, Interstate Folding Box Company, the Mead Corporation, Rexham Corporation, St. Regis Paper Company, Weyerhauser Company, Georgia-Pacific Corporation, Gilman Paper Co., Gulf States Paper Co., Olinkraft, Inc., Rockford Paper Co., Union Camp Corp., and Westvaco Corporation, Defendants.

No. 76 C 1113.

United States District Court, N. D. Illinois, E. D.

Sept. 20, 1978.

Aram A. Hartunian, Pressman & Hartunian, Chicago, Ill., for plaintiff.

Kathryn E. Korn, David P. List, James A. Hardgrove, Sidley & Austin, Chicago, Ill., for Brown Co.

Roger B. Harris, Altheimer & Gray, Chicago, Ill., Karl K. Hoagland, Jr., Hoagland, Maucker, Bernard & Almeter, Alton, Ill., for Alton Box Board Co.

Richard A. Makarski, Chapman & Cutler, Chicago, Ill., Henry P. Sailer Covington & Burling, Washington, D. C., for American Can Co.

Keith F. Bode, Jenner & Block, Chicago, Ill., for Champion International Corp.

William I. Goldberg, Antonow & Fink, Chicago, Ill., for Consolidated Packaging Corp.

David E. Bennett, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., Robert H. Cannon, Chicago, Ill., for Container Corp. of America.

Leigh R. Gignilliat, Salinger & Gignilliat, Chicago, Ill., Jeffery C. Hayes, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Continental Can Co., Inc.

Stephen C. Shamberg, Friedman & Koven, Chicago, Ill., Bruce A. Hecker, Shea, Gould, Climenko, Kramer & Casey, New York City, for Diamond International Corp.

James G. Hiering, Keck, Cushman, Mahin & Cate, Chicago, Ill., for Eastex Packaging, Inc.

Owen E. MacBride, Schiff, Hardin & Waite, Chicago, Ill., Edward Wolfe, White & Case, New York City, for Federal Paper Board Co., Inc.

Jeffrey T. Whipple, Concannon, Dillon, Snook & Morton, Chicago, Ill., Charles E. Hanger, Brobeck, Phleger & Harrison, San Francisco, Cal., for Fibreboard Corp.

Phillip B. Allen, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., Cloyd R. Mellott, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Georgia Pacific Corp.

John P. Lynch, Hedlund, Hunter & Lynch, Chicago, Ill., Frederick L. McKnight, Willkie, Farr & Gallagher, New York City, for Gilman Paper Co.

John L. Conlon, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., John Izard, King & Spaulding, Atlanta, Ga., for Gulf States Paper Corp.

Michael B. Roche, Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., Robert V. Abendroth, Whyte & Hirschboeck, Milwaukee, Wis., for Hoerner Waldorf Corp.

Robert C. Newman, Mayer, Brown & Platt, Chicago, Ill., Henry L. King, Davis, Polk & Wardwell, Byron E. Kabot, New York City, for International Paper Co.

Selwyn Zun, D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., Thomas C. Hill, Taft, Stettinius & Hollister, Cincinnati, Ohio, for Interstate Folding Box Co.

George B. Collins, Collins & Amos, Chicago, Ill., Manly Fleischmann, Webster & Sheffield, New York City, for Olinkraft, Inc.

William P. O'Neill, Kirkland & Ellis, Chicago, Ill., for Packaging Corp. of America.

John P. Ryan, Jr., McBride, Baker, Wienke & Schlosser, Chicago, Ill., John F. McLean, Pillsbury, Madison & Sutro, San Francisco, Cal., for Potlatch Corp.

Thomas D. Allen, Wildman, Harrold Allen & Dixon, Chicago, Ill., William B. Pennell, Shearman & Sterling, New York City, for Rexham Corp.

Gerald White, Chicago, Ill., for Rockford Paper Co.

George D. Crowley, Crowley & Goschi, Chicago, Ill., Kimba Wood Lovejoy, LeBoeuf, Lamb, Leiby & MacRae, New York City, for St. Regis Paper Co.

David M. Spector, Isham, Lincoln & Beale, Chicago, Ill., Alan Wiseman, Howrey & Simon, Washington, D. C., for The Mead Corp.

Charles S. Simon, Chicago, Ill., Robert Ferri, Breed, Abbott & Morgan, New York City, for Union Camp Corp.

John T. Cusack, Gardner, Carton & Douglas, Chicago, Ill., Ralph Ferney, Westvaco Corporation, New York City, for Westvaco Corp.

Michael T. Hannafan, Kirkland & Ellis, Chicago, Ill., for Weyerhaeuser Co.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This matter comes before the Court on the motion of the plaintiff, Folding Cartons, Inc., for determination of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The corporate plaintiff alleges in the amended complaint that the 27 corporate defendants and others, acting in concert, have restrained interstate trade and commerce by fixing and maintaining the price of certain paperboard, known as "box board" or "bending box board", sold to companies which convert that product into folding cartons, and that the alleged plaintiff class members have thus paid higher prices for paperboard than would have prevailed in a free market.[1] Jurisdiction in this civil damage action is asserted under Section 4 of the Clayton Act, 15 U.S.C. § 15, and 28 U.S.C. § 1337, in relation to alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. Venue is claimed pursuant to the provisions of 15 U.S.C. § 22 and 28 U.S.C. § 1391.

After careful analysis of the issues brought to the attention of the Court during the consideration of this motion, the request for certification of the class must be denied for failure to comply with the prerequisite of adequate class representation as mandated by Rule 23(a)(4) of the Federal Rules of Civil Procedure.[2]

■ Before the particular facts of this case are addressed and analyzed, some introduction to the framework within which this decision was reached is appropriate. Each class certification question is individualistic and requires a careful examination of the precise circumstances involved in the litigation. Thus, while case law is useful in providing guidelines for the decision-making process, there are few precedents which provide definitive answers to the class certification issues.

■ The Court's role in the midst of the procedural complexities of class certification is to assure that all the relevant data necessary for the fashioning of an informed decision be laid before the bench. To achieve that goal an extensive period of discovery is vital so that the contours of the litigation may become fully visible. That is precisely what has been accomplished in this case, and the Court is deeply appreciative of the diligence and tenacity of all counsel in spotlighting on the areas of crucial importance in this case.

1. An additional count included in the original complaint alleging monopolization of the market in which folding cartons are sold through the use of various devices such as the fixing of paperboard prices, restriction of the supply of paperboard to independent converters and various acquisitions and mergers has been dropped from the amended complaint.

2. Because the named plaintiff cannot fairly represent and adequately protect the interests of the class, consideration is directed solely toward this requirement and it is not necessary to reach a decision on any of the other six prerequisites to maintenance of a class action under Rule 23(b)(3).

As we have had occasion to state before [*Helfand v. Cenco* (N.D.Ill., 1977) 80 F.R.D. 1 (1978)] adequacy of representation [Rule 23(a)(4)][3] is perhaps the most significant of the prerequisites to a determination of class certification. Adequacy of representation is the key to the integrity of class action litigation, not only in pragmatic terms of the efficiency and thoroughness of the proceedings, but far more importantly in relation to the fair and just resolution of the dispute. Because the individual right to a day in court is delegated to the named plaintiff in a class action the Court must be especially sensitive to insuring that the due process rights of the absent parties are protected, since they will be bound by any final judgment. Any infirmities of representation will thus result in a defect of constitutional dimensions. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). If the due process rights of all the parties are not guaranteed, any settlement or judgment is vulnerable to collateral attack.

Courts have ordinarily focussed on two elements in determining whether the proposed class is adequately represented: the skill and acumen of the attorneys involved in the suit and the nature of the interests of the parties presenting themselves as plaintiffs. *Doe v. Mundy*, 514 F.2d 1179, 1182 (7th Cir., 1975); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir., 1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2nd Cir., 1968). In this case there is no question that the attorneys for the plaintiff corporation are highly qualified to prosecute class action litigation both vigorously and creatively. They have participated in more than two dozen class actions of significance and magnitude throughout the country and have demonstrated a high degree of competence. *Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 714 (7th Cir., 1968); *Jeffery v. Malcolm*, 353 F.Supp. 395, 397 (S.D. N.Y., 1973). The issue that is hotly contested is the adequacy of the plaintiff corporation to stand as the sole representative of a certified class, the critical focal point of the class. We shall examine each aspect of this problem in detail. *Rode v. Emery Air Freight*, 76 F.R.D. 229 (W.D.Pa., 1977).

The defendants contend that Folding Cartons, Inc. through its president, Samuel G. Alpert, cannot satisfy the standards for representation of a class in this action. Recently FCI and Alpert were censured in an opinion by Chief Judge Fulton of the Southern District of Florida for a conspiratorial and fraudulent sale of inferior paperboard cartons to Kentucky Fried Chicken Corporation and its franchisees. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 376 F.Supp. 1136, 1143–5 (S.D. Fla., 1974), *aff'd* 549 F.2d 368 (5th Cir., 1977).

The plaintiff in that suit alleged trademark infringement and unfair competition against Diversified Container, a company which not only purchased products from FCI, but was partially owned by the sales manager of FCI. Although neither FCI nor Alpert was named as a defendant, in entering judgment for plaintiff the court found that they had played vital roles in deceiving Kentucky Fried Chicken by secretly marketing substandard trademarked folding cartons to the franchisees.[4] In ad-

---

**3.** "One or more members of a class may sue or be sued as representative parties on behalf of all only if . . . (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4) of the Fed.R.Civ. P.

**4.** [T]he Court finds that Samuel Alpert, president of Folding Cartons, Inc., E. John Tamblyn, Jr., sales manager for Folding Cartons, Inc. and one-half owner of [Diversified] Container, and Sanford Gubernik, president and one-half owner of [Diversified] Container combined and con-

trived to deceive the Plaintiff as to their association and purposes. The purposes included the omission of Folding Cartons, Inc.'s name or mark from the cartons it manufactured and sold to Defendant [Diversified] Container in order to make it difficult or impossible for the Plaintiff to learn the identity of the manufacturer of the cartons that were being sold by [Diversified] Container. This association resulted in profit to Folding Cartons, Inc. and [Diversified] Container by virtue of their utilization of thinner and cheaper board which did not meet

dition, the court found that FCI deliberately supplied cartons made from thinner paperboard than required by Kentucky Fried Chicken's specifications [5] and that Alpert knowingly submitted unrepresentative sample cartons for testing by the plaintiff.[6] The court was specifically skeptical of the credibility of Alpert's testimony [7] and found that he had lied directly to the plaintiff.[8]

Defendants also argue that the participation of Alpert and FCI in the discovery in this case demonstrates further the inadequacy of this plaintiff as the sole class representative. They point specifically to merger negotiations conducted in 1976 on behalf of FCI with several companies, including defendants and possible class members and to admittedly coercive threats made by FCI in contracting for the purchase of certain supplies of Gulf States Paper Corporation. The monopolization allegations of the original complaint have now been abandoned by the plaintiff, but the defendants state that this does not cure the problem, but merely underscores their claim that interests of FCI antagonistic to those of other class members prejudices vigorous prosecution of the broadest scope of class interests.

The plaintiff strongly contends that findings of fraudulent conduct in an unrelated case should not be construed to deem it an unsuitable class representative in this action. FCI and Alpert assert that they are willing and able to underwrite costs of the litigation up to $50,000 or more and that they have an economic stake of sufficient size to assure their informed and vigorous participation in this action. It is strenuously protested that an inquiry into the character and motives of Alpert, as the principal officer of FCI, is not only irrelevant to the issue of adequate representation, but that is contrary to the intent and the purpose of Rule 23. On the other hand, the defendants stress that scrutiny of the personal characteristics of Alpert is crucial because he owns 85% of the stock of FCI and controls and directs all of its activities. They also note that plaintiff is the sole purported representative that has come forward to carry the banner of the class; though other purported class members have gained wind of the litigation, none have come forward to share the responsibilities of representation or to articulate their own positions in intervention.[9]

---

*Plaintiff's specifications in their cartons, a fact concealed from Plaintiff.* 376 F.Supp. at 1144.

**5.** *The Court finds that Samuel Alpert, acting for Folding Cartons, Inc., deliberately sold cartons manufactured from thinner board to [Diversified] Container knowing that those cartons did not meet the Plaintiff's thickness specifications. The Court further finds that cartons manufactured from [this] thinner board were provided by Folding Cartons, Inc. to [Diversified] Container and that [Diversified] Container put these goods into commerce bearing the plaintiff's trademarks both before and after Plaintiff learned of the thinner board's utilization and rejected its use.* 376 F.Supp. at 1144.

**6.** *After Plaintiff confronted Samuel Alpert with Folding Cartons's use of this thinner board, he admitted that he had deliberately manufactured cartons out of board that he knew did not meet Plaintiff's specifications and that he had supplied both Plaintiff and Defendants with cartons which he knew were below Plaintiff's specifications. On the witness stand, Alpert admitted that he had deceived the Plaintiff and kept this information from it by 'selecting samples' for the Plaintiff [from] which he knew were not representative in response to the*

*Plaintiff's periodic requests that samples be sent to it for testing.* 376 F.Supp. at 1144–45.

**7.** *[W]ith respect to the subject of credibility, the Court feels constrained to state that it has no confidence in the integrity and credibility of Samuel Alpert, President of Folding Cartons, Inc., who appeared as a witness in this cause.* 376 F.Supp. at 1149, n. 1.

**8.** *Mr. Alpert also lied to the Plaintiff when asked if he was selling cartons bearing Plaintiff's trademarks to Defendants. To facilitate his deception, Alpert, with the consent of Defendants, removed the 'bug' or manufacturer's identification mark from the folding cartons which he sold to Defendants. Because of this, the Plaintiff was unable for some time to trace the source of the substandard cartons bearing its trademarks which were being sold by Defendant Container.* 376 F.Supp. at 1145.

**9.** The Court thus does not have available to it any alternative representatives of the class to whom the burden of representation could be shifted. Nor, according to the reports of plaintiff's attorneys, is there any expectation that any will appear on the horizon in the future.

■ We agree that it is crucial to consider with great care the suitability of the plaintiff to act as class representative. Such a representative serves as a guardian of the interests of the class and because of this fiduciary relationship he must be held to a high level of responsibility. Such a representative owes to those whose cause he advocates a "duty of the finest loyalty" so eloquently defined by Judge Cardozo:

> Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the "disintegrating erosion" of particular exceptions. Wendt v. Fischer, 243 N.Y. 439, 444, 154 N.E. 303. Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court. Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. N.E. 545, 546 (1928).

Other courts have also found that the stature of the purported class representatives is a legitimate area of inquiry. Amos v. Board of Directors of City of Milwaukee, 408 F.Supp. 765, 773 (E.D.Wis., 1976); In Re Goldchip Funding Co., 61 F.R.D. 592, 594 (M.D.Pa., 1974); Guttman v. Braemer, 51 F.R.D. 537, 539 (S.D.N.Y., 1970). Contra, Dorfman v. First Boston Corporation, 62 F.R.D. 466 (E.D.Pa., 1977). Furthermore,

> More rigid requirements of representation should be imposed in alleged classes made up of members who, in everyday life, are likely to be in active competition with each other in matters closely related to the subject matter of the litigation. Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 463 (E.D.Pa., 1968).

■ After review of the circumstances in this case, it is clear that there are a number of factors which combine to render Folding Cartons, Inc. an inadequate representative of the interests of any purported class which could be certified in this litigation. First, we have given great weight to the explicit findings of the trial judge in Kentucky Fried Chicken Corp. v. Diversified Packaging Corp., 376 F.Supp. 1136 (S.D. Fla., 1974), aff'd 549 F.2d 368 (5th Cir., 1977) that Alpert, the principal of FCI, had participated in deceptive selling schemes, had sold sub-standard grade materials while representing them to meet specifications, and had deliberately lied and concealed his actions. Such conduct and wrongdoing are persuasive evidence of the inadequacy of the named plaintiff to assume the fiduciary position of a class representative. Seiden v. Nicholson, 69 F.R.D. 681 (N.D.Ill., 1976); Amwiss International Corporation v. Heublein, Inc., 69 F.R.D. 663 (N.D.Ga., 1975); Ash v. Brunswick, 405 F.Supp. 234 (D.Del., 1975).

Secondly, the business negotiations and extensive contacts between FCI and certain of the defendants also contribute to the unsuitability of FCI as a trustee for a class of corporate plaintiffs. The possibility that FCI may wish to minimize disclosures relating to its own business activities could seriously hamper any role as class representative, for strategy in selection of defendants would depend exclusively on the sole representative. Dorfman v. First Boston Corp., 62 F.R.D. 466 (E.D.Pa., 1974). Already the dropping of monopolization allegations from the allegations of the complaint indicates the scope of the difficulties that might develop if FCI were certified as the class representative. In addition, because FCI has indicated knowledge of the alleged price fixing conspiracy prior to the date alleged in the complaint, it could be a poor representative of class members with fraudulent concealment claims not foreclosed by such notice. Baker v. F & F Investment, 420 F.2d 1191 (7th Cir., 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); Bill Minielli Cement Contracting, Inc. v. Richter Concrete Corp., 62 F.R.D. 381 (S.D.Ohio, 1973).

Third, the fact that FCI has been found to have participated in deliberately deceptive selling schemes as a competitor of other possible class members creates more than minimal difficulties. *Chestnut Fleet Rentals, Inc. v. Hertz Corp.*, 72 F.R.D. 541 (E.D. Pa., 1976); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452 (E.D.Pa., 1968).

Fourth, although it is not determinative in evaluating adequacy, the Court does note that no other members of the purported class have moved to join in this litigation as plaintiffs or to assert their own claims as intervenors, and this may be some indicia of a lack of confidence or community of interests. *C & S Associates, Inc. v. Anderson Clayton & Co.*, 1977–8 CCH Trade Reg. Rept. ¶ 61,985 (S.D.N.Y., 1978); *Green v. Wolf Corp.*, 406 F.2d 291 (2nd Cir., 1968); *Carroll v. American Fed'n of Musicians of U. S. & Canada*, 372 F.2d 155 (2nd Cir., 1967) vacated on other grounds, 391 U.S. 99, 88 S.Ct. 1562, 20 L.Ed.2d 460 (1968); *Troup v. McCart*, 238 F.2d 289 (5th Cir., 1956). *Contra, Aboudi v. Daroff*, 65 F.R.D. 388 (S.D.N.Y., 1973).

Finally, the Court can conceive of no method of drafting the notice required by Rule 23(c)(3) so that individual members of the purported class would be fully informed of all factors in this litigation so that a decision either to opt-out or to participate as a member of the class might be intelligently made. This insuperable problem militates strongly against certifying FCI as the sole representative of class interests.

Thus, because this Court finds that FCI cannot provide adequate representation for a class nor protect the interests of absentees, the motion for class certification is denied for failure to meet the prerequisite of Rule 23(a)(4) of the Fed.R.Civ. P.