CITY OF DUBUQUE, Iowa, an Iowa Municipal Corporation; City of Boone, Iowa, an Iowa Municipal Corporation; Audubon County, an Iowa Municipal Corporation; Black Hawk County, an Iowa Municipal Corporation; Cerro Gordo County, an Iowa Municipal Corporation; Clinton County, an Iowa Municipal Corporation; Muscatine County, an Iowa Municipal Corporation; Scott County, an Iowa Municipal Corporation, on Behalf of Themselves and All Others Similarly Situated, Appellees,

and

David J. Lyons, Receiver, Appellant,

v.

IOWA TRUST, Elaine Gundacker, Mary Maloney, Robert Carr, and Richard Heidloff, Trustees of the Iowa Trust, Defendants,

Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Appellant.

Nos. 93–895, 93–1709.

Supreme Court of Iowa.

June 22, 1994.

James K. Horstman, Brigid E. Kennedy, and Lloyd E. Williams, Jr., of Williams & Montgomery, Ltd., Chicago, IL, and Diane

M. Stahle and Thomas E. Salsbery of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant law firm.

Bonnie J. Campbell, Atty. Gen., and Gordon E. Allen, Deputy Atty. Gen., for appellant David J. Lyons.

Thomas D. Hanson and Barry A. Russell of Hanson, Bjork & Russell, Des Moines, for appellees City of Dubuque, et al.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This case is before us following two preliminary rulings issued in an action to recover damages stemming from the conversion of municipalities' funds invested in the Iowa Trust. The issues pertain to plaintiffs' cause of action against counsel for the trust, Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C. The law firm challenges the court's refusal to dismiss the action on standing grounds and its certification of the suit as a class action. Finding no error, we affirm and remand for further proceedings.

The Iowa Trust was established in 1990 to permit political subdivisions of the state to pool surplus treasury funds for investment. The treasurer of each municipality served as a member of a supervisory board which annually elected the trustees. The trustees were charged with investment and administrative powers outlined under the indenture of trust.

The Davis law firm was retained by the trustees as special counsel. In that capacity, one of the firm's attorneys drafted the necessary trust documents including the trust indenture. The indenture provided for an investment advisor, administrator, and custodian of securities, with provisions pertaining to the duties, powers, and liabilities of each position.

In November 1991, the trust investment advisor, Steven Wymer, made improper and illegal trades resulting in the disappearance of over $65 million in treasury securities held by the trust. Wymer also sold securities to the trust at an inflated price of $6.5 million over market. Consequently, the trust lost more than $71 million in assets virtually overnight.

While the Securities Exchange Commission pursued federal charges against Wymer and his California investment firm, the City of Dubuque—a trust participant—brought suit against the trustees, alleging mismanagement and breach of fiduciary duty. The City sought the removal of the trustees, an accounting of all trust funds, and the appointment of a new receiver to marshal and manage the assets until new trustees could be elected. The district court appointed David J. Lyons, then insurance commissioner for the State of Iowa, receiver. The court suspended the duties of the trustees and directed the receiver to "exercise all such powers and duties of the trustees as provided in the indenture of trust ... as well as any other powers and duties of a receiver appointed pursuant to Iowa Code chapter 680." Thereafter, the receiver pursued actions in Colorado and California in an effort to recover trust funds fraudulently diverted to entities in those states.

The City of Dubuque, along with several intervening plaintiff/participants, later sought leave to amend the petition to name the Davis firm as an additional defendant. The receiver resisted, claiming that by standing in the shoes of the trustees he held exclusive and plenary power to sue for damages caused to the trust by third parties. The court granted plaintiffs' motion over the receiver's objection and also joined the receiver as an indispensable party plaintiff.

The amended petition alleged thirteen claims of professional malpractice and breach of contract centering principally on the firm's simultaneous representation of the trust as well as Denman & Company/Institutional Trust Management, the trust administrator and custodian. These latter entities were corporations owned and controlled by Wymer. The petition alleged that the firm's conflicting loyalties to these clients resulted in substandard legal advice and the drafting of trust documents that failed to protect the trust participants from inadequate custodial arrangements and the unscrupulous conduct of the investment advisor. The amendment

also sought to certify the cause as a class action so that all affected government entities could be represented in accordance with Iowa Rule of Civil Procedure 42.2.

The Davis firm moved to dismiss the amended petition on the same ground previously asserted by the receiver. The firm also resisted class certification, alleging plaintiffs had not sustained their burden of pleading or proving the elements necessary to establish a class under the rules. After hearing, the district court overruled the motion to dismiss and certified the class. The Davis firm sought interlocutory appeal from the order denying dismissal, which we granted,[1] and appealed as a matter of right from the certification order. *See Martin v. Amana Refrig., Inc.*, 435 N.W.2d 364, 367 (Iowa 1989). Further facts will be discussed as they pertain to the issues on appeal.

## I. *Standing.*

■■■ The firm's motion to dismiss for lack of standing placed the burden on plaintiffs to show (1) a specific, personal, and legal interest in the litigation, and (2) injury. *Hawkeye Bankcorp. v. Iowa College Aid Comm'n*, 360 N.W.2d 798, 801 (Iowa 1985). Our appellate review is limited to correction of error in the court's application of legal principles. *Dennis v. Christianson*, 482 N.W.2d 448, 450 (Iowa 1992). The thrust of the firm's legal challenge to the court's ruling is that plaintiffs' standing is contrary to (1) exclusive powers conferred on the receiver under the court's appointment, and (2) general common law trust principles.

■■ Turning first to the court order, we observe that the powers it grants are, indeed, extensive. As already noted, the court gave the receiver all powers granted the trustees under the indenture of trust. Under the indenture, the trustees were granted "full, exclusive and absolute power, control and authority over the trust property and over the affairs of the trust." They held complete power "to collect, sue for, receive and receipt for all sums of money or other property due to the trust." Further, the trustees enjoyed "full and complete power to take all actions, do all matters and things, and execute all instruments as they deem necessary, proper or desirable, in order to carry out, promote or advance the interests and purposes of the trust...."

Nevertheless, trustees may exercise only the power specifically conferred by the trust's terms or necessary to carry out its purposes. *Van Gorden v. Lunt*, 234 Iowa 832, 836, 13 N.W.2d 341, 344 (1944). Here the trust indenture grants the trustees no authority to seek tort or contract remedies against third parties for losses exceeding the trust res. Viewing the plaintiffs' petition in the most favorable light, we note that it seeks not only to recover trust property but to recover consequential damages stemming from lack of access to the funds. Nothing in the trust indenture purports to limit the participants' right to bring such independent tort claims on their own behalf. Indeed, a provision that holds the trust advisor and consultants liable to trust participants for gross negligence and reckless disregard of duties suggests just the contrary. Any doubts or ambiguities regarding the rights conferred upon the participants by this provision must be resolved in plaintiffs' favor. *See Schreiner v. Scoville*, 410 N.W.2d 679, 680 (Iowa 1987) (standard of review on motion to dismiss); *National City Bank v. Coopers & Lybrand*, 409 N.W.2d 862, 868 (Minn. App.1987) (strictly construing indenture powers against trustee to permit noteholders' ancillary claims).

■■ Nor does the receiver's statutory authority preclude plaintiffs' suit as a matter of law. Under Iowa Code chapter 680 (1991), and subject to the control of the court,

> a receiver has power to bring and defend actions, to take and keep possession of property, to collect debts, to receive the rents and profits of real property, and, generally, to do such acts in respect to the *property committed to the receiver* as may be authorized by law or ordered by the court.

Iowa Code § 680.4 (emphasis added). This statutory scheme authorizes the receiver to

---

1. The receiver joins the Davis firm's interlocutory appeal from the motion to dismiss but, for simplicity's sake, references to the law firm shall include both appellants.

bring actions with respect to trust property pending judicial determination of proper distribution. *Iowa State Commerce Comm'n v. Manilla Grain Terminal, Inc.*, 362 N.W.2d 562, 564 (Iowa 1985); II Ralph E. Clark *Clark on Receivers* § 578, at 943 (3d ed. 1959). The statute does not empower the receiver to collect money not owed to the trust itself, nor does the statute preclude trust beneficiaries from pursuing such recovery. The firm's bare assertion that the receiver's statutory powers are "broad and exclusive" cannot extend those powers beyond the authority granted by the court. *Rudolph v. Davis*, 237 Iowa 1383, 1387, 25 N.W.2d 332, 334 (1946).

■ Moreover, the firm's claim that plaintiffs can prove no damages in excess of those potentially recoverable by the receiver is clearly a question not properly resolved on a motion to dismiss. While plaintiffs' petition does not state the precise amount of damages suffered as a result of funds lost or encumbered, such specificity is not required under our liberal pleading rules. Iowa R.Civ.P. 69(a); *Gordon v. Noel*, 356 N.W.2d 559, 564 (Iowa 1984). Having stated the basic elements of their claim, plaintiffs' duty under notice pleading has been satisfied. *Kleman v. Charles City Police Dep't*, 373 N.W.2d 90, 93 (Iowa 1985). In a legal malpractice action, a plaintiff is entitled to recover damages proximately resulting from the negligent conduct of the attorney. *Pickens, Barnes & Abernathy v. Heasley*, 328 N.W.2d 524, 525 (Iowa 1983). Consequential damages that are foreseeable are likewise recoverable upon proof of breach of contract. *Macal v. Stinson*, 468 N.W.2d 34, 35–36 (Iowa 1991). Taking as true the allegations of injury claimed by the plaintiffs as a direct result of the firm's actions, a motion to dismiss on these grounds was properly overruled. *Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991).

■ Nor do we find any merit in the firm's claim that the court's ruling violates fundamental trust law principles. In support of its claim of exclusivity, the firm cites the long-standing rule that when a third person commits a tort against a trust, the beneficiaries cannot maintain suit against the tortfeasor so long as the trustee is ready and willing to proceed. *See* Restatement (Second) of Trusts § 282 (1959); 4 Austin W. Scott and William F. Fratcher *Scott on Trusts* § 282, at 26 (4th ed. 1989). The weakness in the firm's argument is that a receiver appointed by the court is not a trustee. Restatement (Second) of Trusts § 16B; *Andrew v. Union Sav. Bank & Trust Co.*, 225 Iowa 929, 933, 282 N.W. 299, 301 (1938). The receiver merely holds the property as a disinterested representative of the court, managing the assets pending further judicial action. *Id.*; *Dobler v. Bawden*, 238 Iowa 76, 82, 25 N.W.2d 866, 869 (1947). The doctrine is exemplified by the court's order here. It did not make the receiver a successor trustee but merely authorized him to perform requisite duties. Upon the removal of the trustee, and in the absence of a duly qualified and elected successor, the beneficiaries may sue third parties if necessary to protect their interests. *See* Restatement (Second) of Trusts § 282(3); 4 *Scott on Trusts* § 294.1, at 99.

Finally, we note that even if the receiver were deemed a successor trustee, the beneficiaries could still maintain a suit upon proof that the trustee improperly refused or neglected to bring an action against the third-party wrongdoers. Restatement (Second) of Trusts § 282(2); *see also* 4 *Scott on Trusts* § 294.1, at 99. Accepting the pleaded facts as true for purposes of ruling on the motion to dismiss, the district court properly rejected the firm's claim that no evidence exists to prove the receiver's reluctance to bring suit on plaintiffs' behalf. For all of these reasons, the court's ruling on the standing issue must be affirmed.

## II. *Class certification.*

The Davis firm mounts two principal challenges to the trial court's class certification ruling. First it contends that the court's findings on impracticability of joinder and adequacy of representation under Iowa Rules of Civil Procedure 42.1 and 42.2(b)[2] lack

2. Rule 42.1 states:

One or more members of a class may sue or be sued as representative parties on behalf of all in a class if:

evidentiary support and are contrary to applicable law. Second, it asserts the court erroneously failed to make express written findings with respect to each criteria listed in rule 42.3.

 We consider the firm's contentions mindful of the broad discretion vested in trial courts to assess the weight, if any, to be accorded class certification criteria. *Varner v. Schwan's Sales Enter., Inc.*, 433 N.W.2d 304, 305 (Iowa 1988). Reversal is appropriate only when the record reveals that the court's decision was based on clearly untenable or unreasonable grounds. *Id.*

 Iowa's uniform class action rule permits commencement of a class action where common questions of law or fact are shared by persons so numerous that joinder is impracticable. *Vignaroli v. Blue Cross*, 360 N.W.2d 741, 744 (Iowa 1985). A class action should be certified if it allows a fair and efficient adjudication of the controversy and if the class representative will adequately protect the interests of the class. *Id.* The burden of establishing that a proposed class of plaintiffs meets these prerequisites rests with the proponent. *Stone v. Pirelli Armstrong Tire Corp.*, 497 N.W.2d 843, 846 (Iowa 1993). A failure of proof on any one of the prerequisites is fatal to class certification. *Id.* Except where the facts underlying the class are merely speculative, however, the proponent's burden is light. 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 7.20, at 70 (3d ed. 1992) (hereafter "*Newberg*").

 The firm's primary complaint is that plaintiffs offered no evidence to support class certification. It argues the court rested its ruling on unsupported legal conclusions from plaintiffs' pleadings and oral argument. Because the certification rules require the court to make specific findings in support of the decision, the firm contends the court's failure

to follow the rule constituted an abuse of discretion.

Although these are strong allegations by the firm, they lack vitality when considered in context. As plaintiffs correctly note, the court had supervised the receivership proceedings for nearly eighteen months prior to ruling on class certification. Thus it had a wealth of information before it, including the names of all the trust participants, their losses and recoveries, and an understanding of the nature of the claim against the Davis firm. We have held that as long as the court has before it sufficient information to form a reasonable judgment on the certification issue, it need not inquire further into the facts supporting plaintiffs' petition. *Martin*, 435 N.W.2d at 368; *see also* 2 *Newberg* § 7.26, at 84 (when deciding motion for class certification, court should accept allegations in complaint as true). The question, therefore, is whether the court's ruling on the certification issue was supported by the record before it.

Our rules require the class to be "so numerous or so constituted" that joinder of all members is "impracticable." Iowa R.Civ.P. 42.1(1). The district court determined that the potential class was comprised of over eighty members, thus making joinder impractical. Although the firm contends this finding was merely speculative, its argument ignores the fact that the court, in its supervisory position, was uniquely apprised of all governmental entities sustaining Iowa Trust losses. The record reveals regular accountings filed by the receiver with the court identifying the various entities' claims against the trust and their status in distribution proceedings. These reports furnished more than sufficient information for the court to adequately judge the size of the potential class.

 The firm also contends the court failed to make an independent finding of impracticability, asserting that numbers

---

(1) the class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable; and

(2) there is a question of law or fact common to the class.

Rule 42.2(b) provides:

The court may certify an action as a class action, if it finds that (1) the requirements of R.C.P. 42.1 have been satisfied, (2) a class action should be permitted for the fair and efficient adjudication of the controversy, and (3) the representative parties fairly and adequately will protect the interests of the class.

alone do not satisfy the requirement. We have adopted the general rule, however, that if the class is large, numbers alone are dispositive to show impracticability. *Martin,* 435 N.W.2d at 368; 1 *Newberg* § 3.05, at 25. Forty or more class members has been recognized as the range within which impracticability of joinder has been presumed. *Martin,* 435 N.W.2d at 368; 3B James W. Moore & John E. Kennedy, *Moore's Federal Practice* § 23.05(1) (2d ed. 1993). Any doubts regarding joinder impracticability should be resolved in favor of upholding the class. 2 *Newberg* § 7.22, at 78. Based on numbers alone, therefore, the court's finding of impracticability was tenable. No abuse of discretion has been demonstrated.

The firm next asserts an insufficient foundation for the court's finding that the proposed class representatives will fairly and adequately protect the interests of the class. Specifically the firm cites potential conflicts existing among trust participants with respect to individual claims of liability and damages. Given this circumstance, the firm argues, the court abused its discretion on the representation issue.

To determine the adequacy of representation, rule 42.3(b) lists three crucial factors: (1) the attorney for the named parties will sufficiently represent and protect the class interests; (2) the named parties have no conflict of interest in the maintenance of the class action; and (3) the named parties have or can acquire sufficient financial resources to guarantee that the class interests will not be harmed. *Iowa Annual Conference of United Methodist Church v. Bringle,* 409 N.W.2d 471, 474 (Iowa 1987). The firm's challenge focuses on the test's second prong. It claims a conflict arises from the fact that participants joined the trust at different times and invested different amounts of money. It contends therefore that whatever communications plaintiffs had or did not have with the firm are factual questions unique to each individual participant and outside the proper scope of a class action. We disagree.

It is unnecessary for plaintiffs' individual claims to be "carbon copies" of each other. *Vignaroli,* 360 N.W.2d at 745. Even without complete identity of facts relating to

all class members, a class action may be brought so long as a "common nucleus of operative facts" is present. *Id.* (quoting 7A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1778 (1972)). Plaintiffs' amended petition alleges a number of negligent acts by the Davis firm, including the removal of a bond requirement in the trust document, failure to review the custodial agreement, and failure to disclose that the trust administrator was a company owned by the trust investment advisor. We believe these theories of liability embrace common issues of fact and law affecting the plaintiffs and the proposed class members irrespective of the varying fact patterns underlying any individual claims. *See* 2 *Newberg* § 7.23, at 80. Greater scrutiny of the firm's assertion that all participants may not be able to sustain claims under each theory of liability would require the court to inquire into the merits of each individual claim. Our class action rule neither encourages nor permits such an examination at the certification stage. *Vignaroli,* 360 N.W.2d at 745.

Moreover, not every disagreement between representatives and other class members will stand in the way of a class action lawsuit. *Id.* at 746. To defeat certification, the conflict must relate to the specific issues and controversies common to the class. *Id.* Although the firm points to prior conflicts between trust participants concerning settlement with the trust custodian, nothing in the record suggests a conflict over the malpractice claim.

The firm's claim that potential for differing damages renders the class uncertifiable is likewise unpersuasive. The fact that a potential class action involves individual damage claims does not preclude certification when liability issues are common to the class. *Id.* at 745; 1 *Newberg* § 3.16, at 94.

Finally, the firm contends that the court abused its discretion by failing to make specific factual findings with respect to each of the criteria listed in rule 42.3(a). The listed criteria all relate to the issue of whether certification of the class will promote a fair and efficient adjudication of the controversy. Rule 42.4(b) requires the order certifying or

refusing to certify a class action to "state the reasons for the court's ruling and its findings on the facts listed in R.C.P. 42.3(a)." The rule does not require the court, however, to assign weight to any of the specific criteria listed, thereby evidencing an intent to grant considerable discretion on this prerequisite. *Vignaroli,* 360 N.W.2d at 744.

The ruling before us clearly reflects the court's consideration of the factors listed in rule 42.3(a). It found that common interests existed among members of the class based on their allegations that the firm negligently drafted trust documents, failed to disclose conflicts of interest, and failed to monitor trust operations. It also determined that a class action was the most appropriate means of adjudicating plaintiffs' claims in order to avoid future conflicts similar to those currently existing between the receiver and trust participants. Nothing in the rule mandates that the court make written findings regarding *each* factor under rule 42.3(a). *See Stone,* 497 N.W.2d at 846. The rule merely requires the court to weigh and consider the factors and come to a reasoned conclusion as to whether a class action should be permitted for a fair adjudication of the controversy. *Id.* Here the court made specific findings regarding those criteria it appears to have given the most significant weight. We find no abuse of its discretionary authority to certify a class action.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**