Jamasina HIVELY, Jeanie Laplante, Patricia Meehan and Evelyn Moore, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

NORTHLAKE FOODS, INC., d/b/a Waffle House, Defendant.

No. 8:98–CV–2601–T–17F.

United States District Court, M.D. Florida, Tampa Division.

Feb. 15, 2000.

Ronald W. Fraley, Fraley & Fraley, P.A., Tampa, FL, for plaintiffs.

Thomas C. Garwood, Jr., Lori R. Benton, Daniel P. O'Gorman, Garwood, McKenna, McKenna & Wolf, P.A., Orlando, FL, for defendant.

### ORDER

KOVACHEVICH, Chief Judge.

This cause is before this Court on Plaintiffs' Motion for Class Certification (Dkt. 71) and Defendant's response (Dkt. 76). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e *et seq.*, as amended. This Court also has jurisdiction over this action pursuant to 29 U.S.C. § 206(d), § 6(d); 29 U.S.C. § 206(d)(1).

The complaint states that Plaintiffs' cause of action is predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e *et seq.*, as amended, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), § 6(d); 29 U.S.C. § 206(d)(1) (hereinafter "EPA").

### FACTS

Plaintiff asserts the following facts in support the Motion for Class Certification:

Plaintiffs worked in the Waffle House restaurants owned and operated by Defendant. (Dkt. 1, p. 2). The four female Plaintiffs seek class action certification, claiming that Defendant has engaged in an "ongoing, company-wide policy or pattern and practice of discriminating against women in terms of pay, job assignments, promotional opportunities, and promotion." *Id.*

The four Plaintiffs in this action, Jamasina Hively, Jeanie LaPlante, Patricia Meehan and Evelyn Moore all worked exclusively in

the Wesley Chapel, Florida restaurant. All, after termination or resignation, filed this action against Defendant.

Plaintiff Hively worked for Defendant for one year as a salesperson/waitress. *See id.* at 14. She claims that unit manager, Lenno Martinez, inquired about whether she wanted to learn to cook and be an assistant manager, but never again approached her about an assistant manager position. (Dkt. 71, p. 21). Waffle House terminated Hively on December 31, 1997 for, as Defendant asserts, making an obscene gesture. (Dkt. 76, p. 5). Hively claims that she was sexually harassed by Martinez.

Plaintiff Moore worked as a waitress, then as a cook. Moore claims that she had to wait over a year to be offered any management training. Also, she asserts that when she was offered training, she was denied pay raises and opportunities to enter management positions. In addition, she claims that males were offered higher starting rates than her present compensation, even with her one year of employment. Defendant terminated Moore, claiming insubordination and use of profanity to a supervisor.

Plaintiff Meehan worked for Defendant for six years as a waitress, grill operator and assistant manager. Meehan claims that she was not considered for an assistant manager position until after three years of employment, and during her employment males were promoted and given raises at a higher rate than her and other similarly situated females. In addition, Meehan claims that Martinez and District Manager Brown sexually harassed her by talking about sex at work and rubbing against her breasts. She resigned in July of 1998 because she claimed she was never offered a management position.

Plaintiff LaPlante worked as a cook for over one year. LaPlante claims that Defendant hired a male as a cook for a starting rate of $7.00/hour, while she made $6.30/hour after one year of employment. Plaintiff LaPlante filed only an EPA claim.

Plaintiffs claim that they represent two proposed plaintiff classes. Plaintiffs propose the first class as, "[a]ll female service em-ployees and unit managers of Northlake Foods, Inc. who have worked, are working, or will work in Northlake Foods since December 30, 1997, until the time of trial." The second proposed class includes female service employees and not unit managers for the same class period. Plaintiffs propose this alternate class if this Court deems Plaintiffs unable to represent management level females.

## DISCUSSION

Plaintiff brings this action under Federal Rule of Civil Procedure ("Rule") 23 and seeks certification of a class action. There are two claims under this action: a Title VII claim and an EPA claim.

The legitimacy of a private Title VII and EPA suit brought on behalf of a class depends upon the satisfaction of two distinct prerequisites. First, there must be an individual plaintiff with a cognizable claim, that is, an individual who has constitutional standing to raise the claim and who has satisfied the procedural requirements of Title VII. Second, the requirements of Rule 23 must be fulfilled; in other words, the individual plaintiff must be qualified to represent the members of the class in accordance with the four prerequisites of Rule 23(a) and the action must be one the three types Rule 23(b) identifies. *See Andrews v. American Telephone & Telegraph Co.,* 95 F.3d 1014, 1022 (11th Cir.1996).

### I. Standing

Plaintiffs must allege and show that they personally suffered injury to assert standing. *See Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895, 898 (5th Cir.1978), cert. denied, 439 U.S. 835, 99 S.Ct. 118, 58 L.Ed.2d 131 (1978) ("To meet the requirement for standing under Article III, a plaintiff must establish either that the asserted injury was in fact the consequence of the Defendant's action or that the prospective relief will remove the harm."). The Supreme Court has stated,

It is not enough that the conduct of which the plaintiff complains will injure someone. The complaining party must also show that he is within the class of persons who will be concretely affected. Nor does a plain-

tiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he had not been subject.

*Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).

Plaintiff Hively alleged injury as a result of Defendant's sexual discrimination. She alleges she was never offered a management position. Defendant counters Hively's assertion by claiming she was not qualified for management. Even though Hively admitted at one time that she was not qualified for a management position, she may have been able to attain the qualifications during her employment with Defendant. Therefore, Plaintiff Hively has standing to assert her claims.

■ Plaintiff LaPlante did not assert a Title VII claim and is limited to her EPA claim. LaPlante asserts that Defendant hired a new male (Richard Iman) cook at a higher rate than she was making, when she worked for Defendant for more than a year. (Dkt. 72, Exhibit 9, p. 80). Defendant counters by claiming that LaPlante has no injury in fact. (Dkt. 76, p. 8). In the LaPlante deposition, Defendant stated to LaPlante that if Mr. Iman had more general cooking experience, "you would not feel that it was unfair for him to be paid more money than you." Answer by LaPlante, "No." (Dkt. 72, Exhibit 9, p. 81). Iman possibly may have had more experience than LaPlante. (Dkt. 77, Exhibit 4, p. 9, ¶ 39). Defendant asserts that Iman had previous Waffle House experience and "was considered a master grill operator due to his ability to cook high volume." *Id.*

Based on LaPlante's admissions during her deposition, she has no standing in this case.

Plaintiff Meehan does not lack standing. Meehan's deposition is filled with inconsistent statements relating to whether she would be willing to relocate to a restaurant other than Unit 650, if a management position became available. Still, this does not preclude her from bringing her claims under Title VII and the EPA.

Plaintiff Moore does not lack standing on her EPA claim. Still, she would have been unable to attain a management position, for she did not receive a high school degree (or an equivalent). Defendant claims that this is company policy. (Dkt. 76, p. 6). Plaintiff Moore, or any of the other Plaintiffs, do not challenge this requirement. Plaintiff Moore is unable to assert her Title VII claim, but still may raise her EPA claim.

Therefore, only Plaintiffs Hively, Meehan, and Moore have passed the threshold requirement of standing to certify this class action.

Rule 23(a) addresses the initial requirements that must be present in order for a judge to certify a class action. Rule 23(a) provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if

(1) the class is so numerous that joinder of all members is impractical,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

■ FED.R.CIV.PROC. 23(a). "A party seeking class action certification must demonstrate under a strict burden of proof, that all of the requirements of 23(a) are clearly met." *Rex v. Owens ex rel. Oklahoma,* 585 F.2d 432, 435 (10th Cir.1978). *See also Barlow v. Marion County Hospital District,* 88 F.R.D. 619, 623 (M.D.Fla.1980); *Holland v. Goodyear Tire and Rubber Co.,* 75 F.R.D. 743, 746 (N.D.Ohio 1975) (requiring "a clear showing by plaintiff that the provisions of Rule 23, Fed.R.Civ.P. have been fully complied with").

■ "Determination of the question of whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court...." *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1543 (11th Cir.1987). In determining wheth-

er a class will be certified, the Court will not examine the merits of the case. *See Wagner v. Taylor,* 836 F.2d 578, 587 (D.C.Cir.1987). Rather, the substantive allegations of the complaint should generally by taken as true. *In re Carbon Dioxide Antitrust Litigation,* 149 F.R.D. 229, 232 (M.D.Fla.1993).

## II. CLASS ACTION

### A. NUMEROSITY

■ In order to satisfy the numerosity requirement, the prospective class must be "so numerous that joinder of the members is impractical." FED.R.CIV.PROC. 23(a). However, "[i]mpractical does not mean impossible." *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). Although there is no specific number of class members necessary to evidence the impracticability of joinder, the Court should consider the geographic dispersion of the class members, and the ease of identifying the members of the class and their addresses. *Kreuzfeld A.G. v. Carnehammar,* 138 F.R.D. 594, 598–99 (S.D.Fla. 1991).

■ The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir.1983). It is not necessary that the precise number of class members be known. *Barlow v. Marion County Hospital Dist.,* 88 F.R.D. 619, 625 (M.D.Fla.1980). "Plaintiffs must show some evidence of or reasonably estimate the number of class members." *Id.* Estimates as to the size of the proposed class are sufficient for a class action to proceed. *In re Alcoholic Beverages Litigation,* 95 F.R.D. 321, 324 (E.D.N.Y.1982). Furthermore, in some cases, the relevance of the numerosity requirement to class certification may be less significant where class wide discrimination has been alleged. *Gurmankin v. Costanzo,* 626 F.2d 1132, 1134–35 (3d Cir. 1980).

■ In the instant case, Plaintiffs, through argument and statistical analysis, assert that the potential class members could exceed 7,000 females. (Dkt. 71, p. 5). In addition, Plaintiffs argue that they are geographically dispersed. For example, Plaintiffs potential-ly reside in Florida, Georgia and Virginia within a multitude of districts. In these circumstances, joinder is impractical.

Accordingly, this Court finds that, pursuant to Rule 23(a)(1), the numerosity requirement has been satisfied.

### B. COMMONALITY

The second criteria for bringing a successful class certification action requires that there be common questions of law and fact. *See* Fed.R.Civ.Proc. 23(a)(2).

■ Not all factual or legal questions raised in the litigation need be common as long as at least one issue is common to all class members. *Armstead v. Pingree,* 629 F.Supp. 273, 279–80 (M.D.Fla.1986); *Pottinger v. City of Miami,* 720 F.Supp. 955, 958 (S.D.Fla.1989); *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 56–57 (3d Cir.1994). "A sufficient nexus is established if the claims or defenses of the class and the class representation arise from the same event of pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984).

■ To satisfy the requirement of commonality, Plaintiffs must "specifically identify questions of law and fact common to the named Plaintiffs and putative class members". *Shores v. Publix Super Markets, Inc.,* 1996 WL 407850, *3 (M.D.Fla.1996) (citing *Hartman v. Duffey,* 19 F.3d 1459, 1472 (D.C.Cir.1994)). At this stage, this Court must be able to infer that the class members suffered from a common policy of discrimination that " 'pervaded the challenged employment decisions.' " *Id.* (quoting *Hartman,* 19 F.3d at 1472). This requirement is more easily met in a disparate impact theory case than a disparate treatment case. *See Brooks v. Circuit City Stores Inc.,* 1996 WL 406684, *3 (D.Md.1996). For disparate treatment cases, "[t]he commonality ... requirements of Rule 23(a) might be satisfied if there were '[s]ignificant proof that an employer operated under a general policy of discrimination' and 'the discrimination manifested itself in hiring and promotion in the same general fashion, such as through entirely subjective decision making processes.' " *Id.* (quoting *General*

*Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 159 n. 15, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).

██ In the present case, Plaintiffs assert both disparate treatment and disparate impact from Defendant's alleged discrimination toward female employees (Dkt. 11, p. 7). Supporting the issue of commonality, Plaintiffs first claim that Defendant's policy for hiring management personnel is highly subjective and centralized, and asserts that this policy directly leads to the discriminatory practices. *See id.* at 9–12. Second, Plaintiffs present various statistics that they believe shows an "extreme pattern of gender favoritism that is substantial." *Id.* at 13.

Defendant argues that the commonality requirement is not met because "Plaintiffs proffer only vague and conclusory allegations of discriminatory practices that are claimed, in equally conclusive terms, to have impacted both Plaintiffs and the putative class." (Dkt. 76, p. 14). In addition, Defendant asserts that Plaintiffs claims of discrimination are based upon unreliable and insignificant statistics. *See id.* at 21.

The Court agrees with the Plaintiff. At a minimum, Plaintiffs' class action is based on the common question of whether Defendant's employment practices are discriminatory in practice. Since one common issue can be sufficient to meet the commonality requirement of Rule 23, this Court finds that the commonality requirement is attained. *See Powers v. Stuart–James Co., Inc.,* 707 F.Supp. 499, 502 (M.D.Fla.1989).

### C. TYPICALITY

██ Class certification also requires that the claims of the named Plaintiffs be typical of the claims of the class. *See* FED.R.CIV. PROC. 23(a)(3). Typicality is satisfied where the claims of the class representatives arise from the same broad course of conduct of the other class members and are based on the same legal theory. *See Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985) (disapproved of on different grounds) (typicality requirement met where named Plaintiffs' claims have same essential characteristics as claims of class even if there are

factual distinctions among the claims of the Plaintiffs of the class); *Powers v. Stuart–James Co.,* 707 F.Supp. 499, 503 (M.D.Fla. 1989) (Kovachevich, J.) ("The reasoning behind this requirement is that where all interests are sufficiently parallel, all interests will enjoy vigorous and full presentation.").

Plaintiffs assert that typicality is satisfied and even factual variations among claims of class members will not destroy typicality. (Dkt. 71, p. 20) (citing *Wagner,* 836 F.2d at 591). Plaintiffs argue that "[t]here is no requirement that the named Plaintiffs each personally experience every difficulty outlined in the complaint. Rather it is sufficient that the claims of the named Plaintiffs are substantially similar to the claims of the class." (Dkt. 71, p. 20) (citing *Shores,* 1996 WL 407850, *9).

Plaintiffs' Motion For Class Certification lists the individual Plaintiffs and describes how each would satisfy the typicality requirement. First, Plaintiff Hively claims that she was asked by Martinez if she wanted to become an assistant manager, but he never again raised the issue of a management position. *See id.* at 21. Plaintiff LaPlante claimed that a new male cook was hired for at a higher rate, even though LaPlante had worked at the same position for a year. *See id.* Plaintiff Meehan worked for Defendant in four different Waffle Houses as a waitress, grill operator and assistant manager, but claims she was never offered a management position. *See id.*

Defendant argues that these four Plaintiffs exhibit no typicality of the claims of the putative class members, and the "claims can be resolved only by examining circumstances that are unique to them." (Dkt. 76, pp. 14–15). First, Defendant asserts that the four Plaintiffs only worked at the Wesley Chapel, Florida restaurant, and should not be able to represent the discrimination claims of putative class members who work in three different states, under the direction of different unit, district, division and area managers. *See id.* at 16, 22. Second, Defendant claims that Plaintiffs Meehan, LaPlante and Moore were grill operators, and could not represent the claims of the class who were denied the job of grill operator because of their gender.

*See id.* at 17. Additionally, Plaintiff Hively could not represent the class because Defendant asserts that she was not qualified. *See id.*

The Court agrees with Defendant and finds that the typicality requirement is not met.

 There is no typicality with Plaintiffs and the putative class members. First, all four Plaintiffs worked in just one restaurant, while Defendant has over 146 restaurants located in three states. Second, while typicality does not require a complete identity of claims, typicality may be defeated if factual differences dominate. Here, each Plaintiff's employment situation was unique in many ways, including pay, position and the manner and circumstances of termination or resignation. Plaintiffs were terminated or resigned for a variety of reasons. Plaintiffs Hively, Moore and Meehan may not have been qualified or even eligible for promotion to management. Defendant has raised a multitude of defenses for each Plaintiff. Typicality is not present if the class representatives are subject to unique defenses that could be central to the litigation. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir.1990); *Bishop v. New York City Dep't of Housing Preservation and Development,* 141 F.R.D. 229, 238 (S.D.N.Y.1992) (denying motion for class certification). These unique defenses by Plaintiffs provide a foreseeable danger, which will preoccupy Plaintiffs to the detriment of purported class members. *See Johnson v. Bond,* 94 F.R.D. 125, 129 (N.D.Ill. 1982) (certifying the class action for one plaintiff but not for the other). Finally, typicality is not met because the claims of sexual discrimination involved decentralized decision making by Defendant. *See Churchill v. International Business Machines, Inc. Nat'l Service Division,* 759 F.Supp. 1089, 1103 (D.N.J.1991) (denying plaintiff's motion for class certification).

Accordingly, this Court finds that Plaintiffs' claim is not typical of the potential class members' claims and that portion of Rule 23(a)(3) has not been met.

## D. ADEQUACY OF REPRESENTATION

 Rule 23(a)(4) requires that the named Plaintiffs provide fair and adequate protection for the interests of the class. The adequacy of representation is twofold: "Plaintiff must demonstrate that she will vigorously prosecute the action, and plaintiff must provide both adequate financing and competent counsel." *Brooks v. Southern Bell Telephone & Telegraph Co.,* 133 F.R.D. 54, 58 (S.D.Fla.1990). *See also Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985); *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992); *Warren v. City of Tampa,* 693 F.Supp. 1051, 1061 (M.D.Fla.1988).

It is clear that Plaintiffs have provided competent counsel. Additionally, "it is crucial to consider with great care the suitability of the plaintiff[s] to act as class representative[s]. Such [ ] representative[s] serve[s] as [ ] guardian[s] of the interests of the class and because of this fiduciary relationship he must be held to a high level of responsibility. Such a representative owes to those whose cause he advocates a 'duty of the finest loyalty....' " *Folding Cartons, Inc. v. American Can Co.,* 79 F.R.D. 698, 703 (N.D.Ill.1978).

 Within the Court's sound discretion, class certification can be denied if there is a strong indication that one or more of the Plaintiffs' testimony "might not be credible." *Amswiss International Corp. v. Heublein, Inc.,* 69 F.R.D. 663, 671 (N.D.Ga.1975). In addition, class representatives must have "the personal characteristics and integrity necessary to fulfill the fiduciary role of the class representative." *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.1987). In the instant case, there is every indication that Plaintiffs may not serve the interests of the class as a whole, and as a result, class certification should be denied.

Plaintiffs assert that they have obtained adequate legal counsel and would serve, as class representatives, the interests of the class.

Defendant claims that Plaintiffs do not possess the trustworthiness or credibility to

represent the class. First, Defendant terminated Hively for "flipping off a customer," and Hively does not contest this. Her credibility as an candidate for management, and subsequent class representative, could be tarnished by this incident.

Second, Defendant asserts and submits record evidence that LaPlante misrepresented the truth, and has made many inconsistent statements. This is substantiated by Defendant with her misrepresentation about her employment history and her criminal background. LaPlante's criminal history includes four DUI's, theft and battery on a law enforcement officer. (Dkt. 77, Defense Ex. 7, at 1–4).[1] Defendant asserts that LaPlante's criminal history indicates irresponsibility and lack of trustworthiness.

Third, as Defendant alleges, Moore misrepresented the truth and made inconsistent statements. This allegation is evidenced by her false information in her NLF employment application, as she stated that she achieved a high school degree. Defendant also terminated Moore for "flipping off a customer," and points out that Moore's defense that she should not have been terminated by an act observed solely by a customer may indicate irresponsibility or lack of credibility.

Fourth, Plaintiff Meehan, as Defendant asserts, may lack standing to even promote a claim. Only one time did the position of unit manager become available during Meehan's employment with Unit 650. She did not want to be transferred, and the open management position was filled by a female.

Each of the Plaintiffs, as Defendant claims and is stated above, are inadequate representatives because of the uniquely strong defenses to each claim. Defendant asserts that "there is a danger that absent class members will suffer if [Plaintiffs are] preoccupied with defenses unique to [them]." *Gary Plastic*, 903 F.2d at 180.

The Court agrees with Defendant on this issue. The variety of defenses, the lack of trustworthiness, honesty, and credibility with all four Plaintiffs would dominate this case, causing absent class members material prej-

udice. Therefore, Plaintiffs cannot adequately represent the proposed classes in this action.

### CONCLUSION

Plaintiffs do not meet the requirements under Rule 23(a). Therefore, it is unnecessary for this Court to address the requirements of Rule 23(b). Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Class Certification (Dkt. 71) is **denied.**