Francisco **MORENO–ESPINOSA,**
**et al., Plaintiffs,**

v.

**J & J AG PRODUCTS, INC., Defendant.**

**No. 07–80539–Civ.**

United States District Court,
S.D. Florida.

Nov. 29, 2007.

Gregory Scott Schell, Florida Legal Services Inc., Lake Worth, FL, for Plaintiffs.

Daniel H. Kunkel, Anne Willis Chapman, Kunkel Miller & Hament, Sarasota, FL, Karen A. Caco, International Immigration Services PA, Naples, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR DECLARATION OF CLASS ACTION

DANIEL T.K. HURLEY, District Judge.

**THIS CAUSE** comes before the court upon plaintiff's motion for declaration of class action [DE # 5]. For the reasons given below, the court will grant plaintiffs motion.

### BACKGROUND

Plaintiff Francisco Moreno–Espinosa is one of 38 agricultural workers who were employed on a temporary basis by defendant J & J Ag Products, Inc. for the 2006–07 vegetable harvest season. Plaintiff and the other prospective class members were admitted to the United States pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii) ("H–2A"), which authorizes importation of foreign nationals to perform seasonal agricultural jobs when U.S. workers are unavailable. Plaintiff filed this suit on June 20, 2007, alleging violations of the Fair Labor Standards Act, breach of contract, and violations of the Florida Minimum Wage Act. Specifically, plaintiff alleges that he was not properly reimbursed for pre-employment expenses, such as inbound transportation costs, lodging costs and fees for passports, visas, and issuance of arrival/departure records, as required by law. On September 11, 2007, plaintiff filed the instant motion for declaration of a class action pursuant to Fed.R.Civ.P. 23(b)(3), asking this court to certify a class with respect to the breach of contract and Florida Minimum Wage Act claims only,[1] including plaintiff and his 37 fellow workers at J & J Ag Products.

### DISCUSSION

#### A. Requirements for Declaration of Class Action

Plaintiff bears the burden of establishing that the requirements for class certification under the Federal Rules have been met. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir.2003); *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737(11th Cir.1997). However, in deciding whether to certify the class, the court must generally take as true the allegations in the complaint, rather than determine the merits of the claim at the class certification stage. *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1337 (11th Cir.2006). The court has broad discre-

---

1. Plaintiff does not seek class certification as to his FLSA claim. The FLSA provides its own statutory framework, outside of Rule 23, under which large groups of aggrieved parties may seek collective relief. *See Cameron–Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248–49 (11th Cir.2003).

tion in determining motions for class certification. *Ross v. Bank South, N.A.,* 837 F.2d 980 (11th Cir.1988); *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1543 (11th Cir.1987); *Kilgo v. Bowman Transportation, Inc.,* 789 F.2d 859, 877 (11th Cir. 1986).

The Federal Rules provide four prerequisites to class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims of the representative plaintiff must be typical of the claims of the class; and (4) the representative plaintiff must fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

If the four prerequisites of Rule 23(a) are satisfied, then plaintiff has the further burden of showing that certification is appropriate under one of the three circumstances described in Rule 23(b). *Cooper v. Southern Co.,* 390 F.3d 695, 720 (11th Cir.2004). Here, plaintiff has alleged that certification is appropriate pursuant to Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(3) provides that the court shall consider: (1) the interest of the members of the class in individually controlling the prosecution of separate actions; (2) any litigation concerning the instant controversy already commenced involving members of the class; (3) the relative desirability of concentrating the litigation of claims in this forum; and (4) the difficulties likely to be encountered in management of a class action.

### B. Plaintiff's Motion

#### 1. Rule 23(a) Prerequisites

##### a. Numerosity and Impracticability of Joinder

There is no hard and fast rule specifying a precise number of plaintiffs that makes joinder impracticable. *Hively v. Northlake Foods, Inc.,* 191 F.R.D. 661 (M.D.Fla.2000). The number may vary depending on other characteristics of the putative class, such as the ease of identifying class members and their addresses, the facility of making service

on them if joined, and their geographic dispersion. *Kilgo,* 789 F.2d at 878.

■ The putative class in this case includes 38 members. In a strikingly similar case involving approximately 40 H–2A workers alleging a breach of contract by a temporary agricultural employer, the court found the class size "sufficiently large to render joinder impracticable." *Salas–Mateo v. Ochoa,* 2004 WL 1824124 at *2 (S.D.Fla. 2004). The court in Salas–Mateo further noted that the geographic dispersion of the class members, their relatively small individual damages claims, and their potential unfamiliarity with the U.S. legal system or the English language all supported the conclusion that joinder was impracticable. *Id.*

This case is substantially indistinguishable. It involves the same number of potential class members asserting essentially the same claims and claiming similarly small damages. Like the class members in *Salas–Mateo,* the prospective class members here are residents of Mexico, most of whom lack proficiency in English or familiarity with the American legal system. *See* Pl. Compl. ¶ 12. Accordingly, the court finds the numerosity requirement of Rule 23(a) satisfied.

##### b. Common Questions of Law or Fact

Under Rule 23(a)(2), a class action must involve issues that are susceptible to class-wide proof. *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir.2001). Here, plaintiff has alleged that defendant failed to pay the required wage to all members of the prospective class. *See* Pl. Compl. ¶ 28, 30, 35, 38. This allegation is susceptible to class-wide proof because it might be shown, for example, that defendant calculated the wage rate for all of its H–2A workers according to some legally inadequate formula or policy. An alleged policy or practice of treating an entire class unlawfully satisfies the commonality requirement of Rule 23(a)(2). *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1557–58 (11th Cir.1986).

■ Of the 38 H–2A workers who were employed by defendant during the 2006–07 season, 22 fulfilled their entire obligations under their employment contracts by working for the entire season, while 16 left their

employment sometime during the season. Plaintiff Moreno–Espinosa is one of the latter 16. Defendant argues that there are insufficient common questions of law and fact to support certification because defendant actually reimbursed those 22 H–2A workers who stayed with defendant for their pre-employment expenses. Therefore, defendant argues, the claims of the two groups do not involve sufficiently common factual or legal questions.

The fact that some workers may have been reimbursed by the defendant at the end of employment is insufficient to cleave the prospective class into separate groups with essentially unrelated claims for at least two reasons. First, plaintiff has alleged that all 38 workers, including the 22 who defendant has claimed it fully reimbursed, were not actually reimbursed for expenses other than transportation costs—such as those associated with obtaining visas, passports, and border-crossing papers. Whether this is true, and whether, if true, it entitles the workers to any relief, are questions of fact and law common to the entire class. Second, under Eleventh Circuit case law, workers must be reimbursed for pre-employment expenses in the first week of employment, regardless of whether the worker later walks off the job. *See Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228, 1237 (11th Cir.2002) (explaining that because "[c]ompliance with the FLSA is measured by the workweek," workers must be reimbursed during the first workweek for pre-employment expenses which "primarily benefit the employer"). Plaintiff alleges that none of the 38 prospective class members was timely reimbursed for expenses under Arriaga. Thus, there is a mixed question of fact and law common to the entire class and central to the litigation.

That 22 of the 38 prospective class members were *eventually* reimbursed for at least some of their pre-employment expenses would of course affect the calculation of damages. But the fact that the amount of damages to be awarded might vary with each individual class member is not enough to defeat class certification. *See Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988) ("[T]he mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."); *In re School Asbestos Litigation*, 789 F.2d 996, 1010 (3d Cir.1986); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment"). Moreover, Rule 23 allows a class to be certified despite some factual differences in the claims of the class members. *Cox*, 784 F.2d at 1557 ("Rule 23 does not require that all the questions of law and fact raised by the dispute be common. The claims actually litigated in the suit must simply be those fairly represented by the named plaintiffs.") (citations omitted); *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir.1977) ("When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment."); *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975) ("It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory."). Accordingly, the court finds the commonality requirement satisfied.

### c. Typicality

A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir.2004); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir.2001). The typicality requirement measures whether "a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir.2000).

Plaintiff's claims are materially identical to those of the other prospective class members. Although plaintiff is one of 16 members of the class that did not finish out the 2006–07 season in defendant's employ, the court has above determined the distinction between class members that did finish the season and those that did not to be insufficient to defeat class treatment in this case.

There appears to be no other distinction between plaintiff's claims and those of the other class members. In order to prevail, plaintiff will have to establish the same facts under the same legal principles as those of the other class members. Accordingly, the court finds the typicality requirement satisfied.

### d. Adequacy of Protection of Class Interests

■ Under Rule 23(a)(4), a party seeking to represent a class must "fairly and adequately protect the interests of the class." A plaintiff may not validly claim representative status if his interest is antagonistic to those of the members of the class, and that conflict is a fundamental one, going to the specific issues in controversy. *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000). A class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class. *Id.* Finally, Rule 23(a)(4) requires that the representative plaintiff provide competent counsel, and vigorously prosecute the action on behalf of the class. *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D.Fla.2000).

There is no conflict in this case between the interests of the representative plaintiff and those of the prospective class members. All class members, including the representative plaintiff, will similarly benefit if the prospective class is successful. Moreover, plaintiff is in a position to vigorously and competently pursue this action. Plaintiff's counsel is an experienced attorney with substantial specific experience litigating the claims of H–2A workers. Accordingly, the court finds that plaintiff can adequately protect the interests of class members in this controversy.

### 2. Rule 23(b)

Having found all four prerequisites of Rule 23(a) satisfied, the court must now turn to Rule 23(b) to determine under which circumstance, if any, class treatment is appropriate. Plaintiff has asked that the class be certified pursuant to Rule 23(b)(3), which provides for class certification where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

### a. Predominance of Common Questions

■ The predominance inquiry focuses on the legal or factual questions that qualify each class member's case as a genuine controversy, and is far more demanding than Rule 23(a)'s commonality requirement. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11 th Cir.1997). The court finds that, for the reasons given above in its discussion of Rule 23(a)(2)'s commonality requirement, common questions of law and fact predominate over questions affecting only individual members. All class members were H–2A workers at J & J Ag Products during the 2006–07 vegetable harvest season, and all claim that they were not properly reimbursed for their pre-employment expenses. Although there appear to be some factual variations in the specific claims of the individual class members, the underlying issues in this matter are common to all. The existence of these factual variations does not cause the overarching common issues to "break[ ] down into an unmanageable variety of individual legal and factual issues." *Andrews v. American Telephone & Telegraph Co.*, 95 F.3d 1014, 1023 (11th Cir.1996). Accordingly, the court finds the predominance requirement of Rule 23(b)(3) satisfied.

### b. Superiority of Class Action

■ The court, examining the pertinent factors provided in Rule 23(b)(3), further finds that a class action is superior to other available methods for adjudication of the controversy. The prospective class members, most of whom live in Mexico, are indigent, and do not speak English, are extremely unlikely to have individual interests in instituting separate actions. *See, e.g., Silva–Arriaga v. Texas Express, Inc.*, 222 F.R.D. 684, 691 (M.D.Fla.2004) (relying on similar factors). No other litigation concerning these prospective class members of their claims have been instituted to date.

This forum also appears to be a desirable one in which to concentrate the class members' claims. Many of the relevant employment records are located in this district, and

plaintiff and the other prospective class members were housed in Pahokee during their employment with defendant. *See* Pl. Compl. ¶ 26. Defendant, although not headquartered in this district, regularly conducts significant business activities here.

Finally, there is no evidence that treating this matter as a class action would present administrative difficulties beyond those normally associated with class-action litigation. All of the class members' claims are based on a common employment contract, and plaintiff has suggested that testimony will not likely be required from each class member. Under these circumstances, it would be far more administratively troublesome for the judicial system as a whole to treat each class member's claim as an individual lawsuit than to resolve this matter as a class action.

Accordingly, the court finds that a class action is superior to other available methods for the adjudication of this action.

### 3. Defendant's Arguments

Finally, defendant argues that: (1) it provided its H–2A workers the reimbursements to which they were entitled; and (2) plaintiff and the prospective class members are legally required to exhaust administrative remedies before bringing this suit, and have not done so.

The court reiterates that on a motion for class certification, it must accept as true the allegations contained in the plaintiffs complaint. *See Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1337 (11th Cir.2006). In addition, in the context of a class-certification motion, the court tests the allegations in the complaint to determine not whether, if true, they state a cause of action entitling the class members to relief, but whether the requirements of Rule 23 are met. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 457 (11th Cir.1996); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *In re PolyMedica Corp. Securities Litigation*, 432 F.3d 1, 17 (1st Cir.2005); *Shook v. El Paso County*, 386 F.3d 963, 971 (10th Cir. 2004); *Chiang v. Veneman*, 385 F.3d 256, 269–70 (3d Cir.2004); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92(D.C.Cir.2001).

■ Defendants' arguments essentially go to the merits of the allegations in the complaint. While the court is afforded some discretion in examining the merits of claims in deciding questions of class certification, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 12, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Nelson v. U.S. Steel Corp.*, 709 F.2d 675, 679 (11th Cir.1983), it should do so only to the degree necessary to resolve the Rule 23 question. *See Heffner*, 443 F.3d at 1337; *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1188 n. 15 (11th Cir. 2003). Defendants' arguments are therefore best raised by a motion to dismiss or for summary judgment rather than in opposition to a motion for class certification.

### CONCLUSION

The court having concluded that class certification is appropriate pursuant to Fed. R.Civ.P. 23(b)(3), it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's motion for declaration of class action is **GRANTED**. Pursuant to Fed. R. action shall act as the representative party, and plaintiffs counsel, Mr. Schell, shall serve as class counsel pursuant to Fed. R.Civ.P. 23(g).

2. Within **THIRTY (30) DAYS** of entry of this order, plaintiff shall notify all potential class members of the instant class action in the manner provided by Fed.R.Civ.P. 23(c)(2)(B), and file a certification with this court of such notice, describing in detail the notice given.