# IN THE COURT OF APPEALS OF IOWA

No. 14-1218
Filed June 21, 2017


**IN THE MATTER OF THE ESTATE OF DONAVEN E. HENDRICKSEN,**
**Deceased.**
------------------------------------------------------
**IN THE MATTER OF THE ESTATE OF DARLENE V. HENDRICKSEN,**
**Deceased.**
------------------------------------------------------
**SARITA H. HENDRICKSEN,**
        Plaintiff,

vs.

**JIM D. HENRICKSEN,**
        Defendant,
------------------------------------------------------

**RAYMOND W. SULLINS,**
        Appellant.
_____

Appeal from the Iowa District Court for Emmet County, Nancy L. Whittenberg, Judge.


Ray Sullins appeals the district court's denial of his motion for new trial. **AFFIRMED.**


David D. Forsyth of Forsyth Law Office, Estherville, for executors/appellees Gary D. Henricksen and Wayne A. Henricksen.

Phil C. Redenbaugh of Law Offices of Redenbaugh & Mohr, P.C., Storm Lake, for Sarita H. Henricksen.

Jennifer A. Bennett Finn of Pelzer Law Firm, Estherville, for Jim D. Hendricksen

Raymond W. Sullins, West Des Moines, pro se appellant.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Ray Sullins appeals the district court's denial of his motion for new trial. Sullins's license to practice law was revoked in 2002. After loaning money to a friend, Sullins gained a partial interest in a law suit. During the course of the law suit, the district court found Sullins was engaged in the unauthorized practice of law and reported him to the Iowa Supreme Court Commission on the Unauthorized Practice of Law. Our supreme court agreed "with the district court's determination that Sullins engaged in the unauthorized practice of law" in the underlying case in this appeal. *Iowa Supreme Ct. Comm'n on the Unauthorized Practice of Law v. Sullins*, 893 N.W.2d 864, 873 (Iowa 2017). Sullins was found to be attempting to unlawfully practice law using a partial assignment to subvert his disbarment. *Id.*

In order to participate in a law suit a party must have standing to sue. "Our test for standing is that the complaining party must (1) have a specific, personal, and legal interest in the litigation and (2) be injuriously affected." *Birkhofer ex rel. Johannsen v. Birkhofer*, 610 N.W.2d 844, 847 (Iowa 2000). In order to be interested in an action a party must have a legal right that will be directly affected or a legal liability that will be affected by the judgment. *Id.*

Sullins did not have a legal interest in the litigation. A partial assignment obtained in an attempt to subvert Sullins's disbarment will not suffice. Therefore, Sullins does not have standing to file an appeal in this case. We decline to reach the merits.

**AFFIRMED.**